■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCY BLAKE, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant was indicted for murder in the second degree as a result of the fatal stabbing of Frazier Hatch. At trial defendant asserted a justification defense. The jury convicted defendant of manslaughter in the second degree. The judgment must be reversed and a new trial granted in the interest of justice (CPL 470.15 [6] [a]).

The trial court failed to instruct the jury that the People have the burden of disproving justification beyond a reasonable doubt. Although there was no timely objection to the court's failure to charge in order to preserve the error for our review as a matter of law, we exercise our discretion in the interest of justice to grant a new trial (CPL 470.05 [2]; 470.15 [6] [a]; see, People v Thomas, 50 NY2d 467). "[W]here justification is the central issue to be decided" an error in the court's

charge often "warrants a new trial in the interest of justice" *(People v Fuller,* 74 AD2d 879). However, we have held that inadequacy in the court's charge on justification does not automatically require a new trial in the interest of justice *(People v Comfort,* 113 AD2d 420, 426, *lv denied* 67 NY2d 760). The test is whether, "under the totality of the circumstances, there is strong evidence of guilt before the jury to rebut defendant's justification defense" and if there is, a reversal in the interest of justice is not warranted *(People v Comfort, supra,* at 426). Furthermore, the People are entitled to the most favorable view of the evidence, including all permissible inferences *(supra,* at 426).

Here, the quantum of proof is unlike that in *People v Comfort (supra)* where there was overwhelming proof based upon the testimony of several eyewitnesses and physical evidence, which rebutted the defense of justification. Here there were no eyewitnesses to defendant's stabbing of Frazier Hatch. Nor was there any physical evidence to rebut defendant's claim of justification. Accordingly, the court's failure to instruct the jury that the People had the burden of disproving justification beyond a reasonable doubt warrants reversal and a new trial in the interest of justice.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Maloy, J.—manslaughter, second degree.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.