■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EMMICK, Appellant.—Judgment unanimously reversed on the law and as a matter of discretion in the interest of justice, and indictment dismissed without prejudice, in accordance with the following memorandum: Defendant was indicted for the crime of manslaughter in the second degree for the stabbing death of his brother Jay Emmick. After a jury

trial he was found guilty of the lesser included offense of criminally negligent homicide. For reasons stated hereinafter, we reverse.

The facts of the case are not substantially in dispute and may be briefly stated. In mid-December 1983, defendant moved into an apartment on Orange Street in Rochester, New York, with his brother, Jay. As a condition of taking up residence with his brother, defendant paid two weeks' rent in advance. The brothers lived together uneventfully until December 27, 1983. On and off on that day, defendant, the victim Jay, and an older brother John were drinking, both in and out of the apartment. At about 11:30 P.M., while defendant and Jay were in the apartment, Jay, who appeared to be intoxicated, suggested that he and defendant go out to visit another bar. Defendant refused and Jay became angry. He claimed that defendant had not paid sufficient rent and ordered him to leave the apartment. Defendant thereupon packed some of his belongings in a suitcase and sought to leave the apartment. Jay intercepted defendant and tried to restrain him physically from leaving. Defendant pushed Jay away, whereupon Jay grasped a steak knife and jabbed at defendant, inflicting a laceration on defendant's left palm. Believing Jay to be intoxicated (the Medical Examiner testified that Jay had a blood alcohol level of .20% and a urine alcohol level of .27%— "acute intoxication"), defendant stated that it was his belief that one of the participants in the fray would be injured if he did not get the knife away from his brother. During defendant's effort to get control of the knife, the knife penetrated Jay's back, resulting in his death.

On appeal, defendant raises several claims of error, principal among which is the court's charge on the law of justification. It is beyond cavil that the central issue in this case was justification. In its instructions to the jury, the court did little more than read the statutory definition of justification, making absolutely no attempt to relate the law of justification to the facts of the case (see, People v Williams, 121 AD2d 145, 149; CPL 300.10 [2]). Moreover, although justification was the critical issue in the case, the court failed to apprise the jury that the People have the burden to disprove justification beyond a reasonable doubt (People v McManus, 67 NY2d 541, 546-547). That no exception was taken on this issue is of no moment. Failure to charge the correct burden of proof is reversible error, even in the absence of a request by counsel, if the issue of justification is critical to the case and if there is not strong evidence before the jury to negate defendant's

justification claims *(see, People v Blake,* 130 AD2d 934; *People v Comfort,* 113 AD2d 420, 426, *lv denied* 67 NY2d 760). On the record before us, we do not find any evidence negating the claim of justification.

On appeal, defendant raises another objection to the court's charge on justification, which was preserved by objection at trial. The court included in its instructions the statutory language concerning the duty of a person under attack to retreat from the fray (Penal Law § 35.15 [2] [a]). Under the facts of this case, this instruction was not applicable. This notwithstanding, the court denied defendant's request that the court charge the jury on the exception to the duty to retreat when one is in his own dwelling (Penal Law § 35.15 [2] [a] [i]). It has long been the law of this State that a person is under no duty to retreat from an attack when he is in his own home "whether that attack proceeds from some other occupant or from an intruder" *(People v Tomlins,* 213 NY 240, 243-244; *see also, People v Williams,* 121 AD2d 145, 149, *supra; People v Emick,* 103 AD2d 643, 661). Since defendant was inside the apartment where he was living with his brother, having paid for the privilege of doing so, he was under no duty to retreat when Jay came at him with a knife, and the court erred when it charged to the contrary. At the very least, the court should have charged the jury that if they found, as a matter of fact, that defendant was in his own dwelling, then he was under no duty to retreat.

In view of the foregoing, we need not address the other errors claimed by defendant to warrant reversal of his conviction. For purposes of the retrial, however, we note that the court erred when it allowed the Medical Examiner to testify that, in his opinion, the victim's death was a "homicide" *(People v James,* 123 AD2d 644, 645, *lv denied* 69 NY2d 1005). The judgment of conviction is reversed and the indictment dismissed without prejudice to the People to re-present appropriate charges to another Grand Jury. However, the highest offense for which defendant may now be indicted is criminally negligent homicide *(People v Gonzalez,* 61 NY2d 633; *People v Mayo,* 48 NY2d 245; *People v Hoy,* 122 AD2d 618). (Appeal from judgment of Monroe County Court, Celli, J.—criminally negligent homicide.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.