■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE WARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered January 10, 1989, convicting her of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On May 6, 1988, the defendant, during an argument in her dwelling, stabbed Charles Monday, her boyfriend, in the abdomen with his knife. The defendant was indicted and convicted of assault in the first degree. At the trial, the defendant claimed that she acted in self-defense. According to the defendant's version of the incident, Monday was the initial aggressor. The defendant testified that Monday first punched and kicked her while they were in her bedroom and then threatened to cut her throat with his knife. Next, Monday put his knife down on the bed and proceeded to beat the defendant with his fists when she grabbed the knife and stabbed Monday once in the stomach.

In its charge on the defense of justification, the trial court erroneously instructed the jury that the defendant had a duty to retreat. There is no duty to retreat when a defendant is in her own dwelling and, pursuant to her theory of justification, she was not the initial aggressor (see, People v Emmick, 136 AD2d 892, 894; People v Williams, 121 AD2d 145, 149). It is beyond cavil that the central issue in this case was justification. This error, coupled with the court's failure to relate the law of justification to the facts of the case (see, People v Emmick, supra; People v Williams, supra), denied the defendant a fair trial. Accordingly, the judgment is reversed and a new trial is ordered.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.