■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PRIMUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered March 28, 1988, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

Early Christmas morning in 1986 the defendant struck David Dunham, his uncle, several times in the face with a hammer, and allegedly stole his wallet. As a result, the defendant was charged with robbery in the first degree robbery in the second degree, assault in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree.

At the trial, the defendant claimed that he acted in self-defense, alleging that his uncle was the initial aggressor. The defendant had been residing in the basement of his uncle's house and had regular access to the first floor apartment where he shared the bathroom and kitchen with his uncle.

The defendant testified that his uncle, apparently inebriated, came at him in the hallway with a hammer raised to strike as the defendant prepared to take a shower. During the course of struggling with his uncle to gain possession of the hammer, the defendant struck his uncle in the head.

In its charge on the defense of justification, the trial court, over the defense counsel's objection, instructed the jury that the defendant had a duty to retreat. During deliberations, the jury requested to "rehear the explanation concerning the self-defense", and the court again, over objection, charged that the defendant had a duty to retreat. The jury acquitted the defendant of all robbery counts and convicted him of assault in the first degree, assault in the second degree and criminal possession of a weapon in the first degree.

There is no duty to retreat when a defendant is in his own dwelling and is not the initial aggressor (see, Penal Law § 35.15 [2] [a]). Thus, the trial court committed reversible error when it included in its instructions unqualified language concerning the duty of a person under attack to retreat (see, People v Ward, 162 AD2d 566, 567; People v Emmick, 136 AD2d 892, 894; People v Williams, 121 AD2d 145, 147; People v Emick, 103 AD2d 643, 661; People v McCurdy, 86 AD2d 493, 497). Since the issue of justification was of critical importance in this case, as evidenced by the jury's request for clarification of the charge on self-defense, the prejudicial effect of the erroneous charge, compounded by the erroneous supplemental instructions to the jury, deprived the defendant of a fair trial.

The exception to the duty to retreat should have been charged, particularly where, as here, it is undisputed that the defendant was in his own dwelling. Moreover, it appears from the record that the court made no reasonable effort to relate the law of justification to the facts of this case (see, CPL 300.10 [2]; People v Ward, supra; People v Emick, supra; People v Williams, supra).

We have reviewed the defendant's remaining contentions raised in his supplemental pro se brief and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.