■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAZIM CARRERA, Appellant. [725 NYS2d 344] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered June 18, 1997, convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction of manslaughter in the second degree and vacating the sentence imposed thereon, and a new trial is ordered on that count of the indictment; as so modified, the judgment is affirmed.

During a struggle between the defendant and the deceased, the defendant stabbed the deceased in the chest with a steak knife. At trial, the defendant testified that the deceased swung what he believed to be an ice pick at his head. As they continued to struggle, the defendant stabbed the deceased. The "ice pick," which was actually a screwdriver, fell to the floor. The defendant then picked up the screwdriver and struck the deceased, causing contusions, abrasions, and puncture wounds. It was undisputed that the deceased was armed with the screwdriver before the encounter. None of the eyewitnesses, however, saw the screwdriver in the deceased's hand before he was stabbed. The Assistant Medical Examiner testified that the deceased died from the single knife wound to his chest. The trial court charged the jury on the defense of justification, but the jury found the defendant guilty of manslaughter in the second degree.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that there was legally sufficient evidence from which the jury could have concluded, beyond a reasonable doubt, that the defendant was the initial aggressor. In reaching this conclusion, we have not considered the defendant's videotaped statement which was not admitted into evidence. Portions of that statement were admitted for the limited purpose of impeachment. Contrary to the People's contention, the statement cannot be considered in assessing the sufficiency of the evidence.

The defendant correctly contends, however, that the trial court's charge on the use of excessive force was erroneous. Although that contention is unpreserved for appellate review, we reach the issue in the exercise of our interest of justice jurisdiction (*see, People v Emmick,* 136 AD2d 892; *People v Blake,* 130 AD2d 934). Even if a defendant is initially justified in using deadly physical force in self-defense, if he or she continues to use deadly physical force after the assailant no longer poses a threat, a jury may find that the defendant is no longer acting

in self-defense. Where homicide is charged, the People must prove that it was the excessive force which caused death (see, *People v Hill,* 226 AD2d 309, 310; *People v Perry,* 176 AD2d 901, 902; *People v Patterson,* 21 AD2d 356, 361).

The trial court's charge on excessive force misstated the applicable law and impermissibly permitted the jury to convict the defendant based upon a finding that he was not justified in inflicting the nonfatal wounds with the screwdriver subsequent to the stabbing. Moreover, even if the court had properly charged the jury on the use of excessive force, there was insufficient evidence from which the jury could have concluded that the defendant caused the deceased's death by the use of excessive force. The Assistant Medical Examiner testified that death was caused by the single stab wound to the chest, not by the alleged excessive force subsequently used. Since it cannot be determined whether the jury found that the defendant's conduct was not justified because he was the initial aggressor or because, although not the initial aggressor, he subsequently used excessive physical force, his conviction for manslaughter in the second degree must be reversed and a new trial ordered as to that crime.

Because we are ordering a new trial, we note an additional error with respect to the court's justification charge. The court charged the jury that the defendant was not justified in using deadly physical force if he knew he could retreat with complete safety (see, Penal Law § 35.15 [2] [a]). However, there is no duty to retreat when the defendant is in his dwelling and is not the initial aggressor (see, Penal Law § 35.15 [2] [a] [i]). Because the evidence raised a factual question as to whether the area where the struggle occurred was part of the defendant's dwelling, that issue should have been submitted to the jury (see, *People v Berk,* 88 NY2d 257, *cert denied* 519 US 859).

The defendant's contention that his actions were also justified in defense of an attempted burglary (see, Penal Law § 35.20 [3] is unpreserved for appellate review and, in any event, is without merit.

In light of our determination that a new trial is required on the count of manslaughter in the second degree, it is unnecessary to address the defendant's remaining contentions. We note that the defendant's conviction of criminal possession of a weapon in the fourth degree was based on a gun which was discovered during a search of the defendant's apartment after the deceased had been stabbed. Because the trial errors do not involve that crime, reversal of that conviction is not required. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.