■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT BENTON, Appellant. [771 NYS2d 622]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered May 30, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that Supreme Court erred in failing to instruct the jury in accord with commentary concerning the excessive use of deadly physical force (*see* 1 CJI[NY] 35.15 [2] [a], at 866). Defendant concedes that he failed to preserve that contention for our review (*see* CPL 470.05 [2]). Assuming, arguendo, that such an instruction may have been appropriate under the facts of this case, we conclude that the failure to include the additional language from the commentary does not warrant reversal as a matter of discretion in the interest of justice where, as here, there is " 'strong evidence of guilt before the jury to rebut defendant's justification defense' " (*People v Blake*, 130 AD2d 934, 935 [1987], quoting *People v Comfort*, 113 AD2d 420, 426 [1985], *lv denied* 67 NY2d 760 [1986]; *cf. People v Carrera*, 282 AD2d 614, 615-616 [2001]; *People v Emmick*, 136 AD2d 892, 893-894 [1988]).

We further conclude that the court did not abuse its discre-

tion in its *Sandoval* ruling *(see People v Walker,* 83 NY2d 455 [1994]; *see generally People v Sandoval,* 34 NY2d 371 [1974]) and that the sentence imposed on the murder conviction is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.