■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK P. JONES, Appellant. [772 NYS2d 778]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 10, 2002. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and sentencing him as a second felony offender to a determinate term of incarceration of 20 years and five years of postrelease supervision. We reject defendant's contention that the verdict is against the weight of the evidence (*see People v Pierre*, 300 AD2d 1070 [2002], *lv denied* 99 NY2d 631 [2003]; *People v Gardner*, 289 AD2d 1006 [2001], *lv denied* 97 NY2d 704 [2002]; *People v Mills*, 287 AD2d 657, 658 [2001], *lv denied* 97 NY2d 731 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). County Court did not err in declining to instruct the jury regarding the home exception to the duty to retreat. In a case such as this, where the encounter unquestionably occurred in the home shared by defendant and the victim (*see People v Emmick*, 136 AD2d 892, 894 [1988]) and in which defendant's justification defense raised no question with respect to who was the initial aggressor (*see People v Ward*, 162 AD2d 566, 567 [1990]; *People v Williams*, 121 AD2d 145, 149 [1986]), it is preferable for the court to avoid any confusion on the part of the jury by not mentioning the duty to retreat at all, as opposed to mentioning a general duty to retreat and then qualifying that duty by delineating the applicable home exception (*see Ward*, 162 AD2d at 567; *Emmick*, 136 AD2d at 894; *People v Emick*, 103 AD2d 643, 661 [1984]; *cf. People v Berk*, 88 NY2d 257, 267 [1996], *cert denied* 519 US 859 [1996]). In any event, the charge as given completely favored defendant insofar as the court never suggested that defendant had or might have had any duty to retreat, and there is no significant probability that the jury would have inferred and applied any such duty in the absence of an instruction concerning retreat. Thus, any error in denying defendant's request to charge is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The sentence is not unduly harsh or severe. Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.