OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for consideration of the other alleged errors.
 

 
 *719
 
 Defendant was convicted at trial of burglary in the third degree. Sergeant Daryl Avery of the Schuyler County Sheriff’s Department testified for the prosecution that in the early morning hours of November 25, 1981 he responded to a burglar alarm at the Moose Lodge in Montour Falls. According to Avery, while walking around the building he observed two people running in front of him. Avery drew his revolver and ordered them to halt, which a man later identified as James Lewis did. The other person continued running but turned his head back long enough for Avery to recognize him as defendant, Andrew Blim, whom he had long known. After turning Lewis over to another officer, Avery searched the area but was unable to locate defendant. Defendant was later apprehended at Lewis’s apartment.
 

 Avery then entered the lodge through an open door and observed on the floor two crowbars, a two -by-four piece of wood and wedges used to secure the door, and a flashlight. He also noticed that a security chain lock had been knocked off and the door molding was torn out.
 

 James Lewis was called as a witness for the People after entering a guilty plea pursuant to a bargain in which the prosecutor agreed to a maximum sentence of one year and not to prosecute him for 20 other burglaries to which he had admitted. Lewis testified that he entered the lodge with defendant through an unlocked door armed with a flashlight and two crowbars with which to open the safe to take any money in it. Defendant, who had made deliveries to the lodge for a soda company, had told Lewis that he thought the alarms in the building did not work. Upon entering the lodge, however, they noticed a red light flashing so they left the building. They waited for a few minutes and then decided to return to the lodge. Lewis found a metal box on the bar and took $12 from it while defendant went to the room that contained the safe. Lewis then heard a noise at the side door and looked outside and saw a Sheriff’s department car in the parking lot. The two men then ran out of the lodge but as they ran away someone shouted at them to halt. Lewis stopped and was arrested by Sergeant Avery but defendant continued to run away. According to Lewis, he flushed the money he had taken from the lodge down a toilet in the county jail.
 

 
 *720
 
 A barmaid from the lodge testified that there had been $11 in a metal box when she left the premises the night before the break-in but the money was not in the box the next day. She was impeached with a petit larceny conviction obtained against her about the same time as the present incident. The governor of the lodge testified that he had checked the metal box a day or two before the incident and had observed $11 inside it. He checked the box again on the morning after and the money was missing.
 

 Prior to summations, defendant requested that the court charge criminal trespass in the third degree as a lesser included offense but the trial court denied the request. The Appellate Division reversed, ruling that the lesser included offense should have been submitted to the jury.
 

 Criminal trespass in the third degree as then defined by subdivision (a) of section 140.10 of the Penal Law was a lesser included offense of burglary in the third degree because the burglary offense includes all the elements of the criminal trespass offense, plus an intent to commit a crime in the building entered or remained in unlawfully. Thus, it is impossible to commit the greater offense without at the same time committing the lesser
 
 (People v Glover,
 
 57 NY2d 61, 63). Nevertheless, the trial court properly refused defendant’s requested charge because under no reasonable view of the evidence could the jury have found that defendant committed the lesser offense but not the greater (CPL 300.50, subds 1, 2).
 

 The Appellate Division concluded that the jury could have rejected Lewis’s testimony because of the favorable plea bargain he received for his testimony. In
 
 People v Scarborough
 
 (49 NY2d 364, 369-370) we held that in order to charge a lesser included offense there must be “some identifiable, rational basis on which the jury could reject a portion of the prosecution’s case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime”. Although Lewis’s self-interest would be a rational basis for discrediting his testimony, this interest would have affected his entire testimony. It would affect both his testimony that he and defendant unlawfully entered the lodge which would establish the criminal trespass charge and that they did so
 
 *721
 
 with the intent to steal property from the lodge, the additional element for the burglary charge. There is no rational basis for rejecting his testimony concerning their intent to commit a crime in the lodge while accepting his testimony with respect to their unlawful entry into the lodge.
 

 Defendant argues that, the jury could have rejected Lewis’s entire testimony along with the testimony of the barmaid and the lodge governor and convicted him of criminal trespass based on the testimony of Sergeant Avery. Avery merely testified, however, that as he circled the building on arriving at the scene he saw defendant running in front of him.
 
 *
 
 This testimony was not sufficient to establish that defendant had entered or remained unlawfully in the lodge but only showed his suspicious presence in the area of a building that had been forcibly entered. The prosecution case thus either established a third degree burglary or nothing at all, and it was not error for the trial court to deny defendant’s request to charge criminal trespass as a lesser included offense.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.
 

 *
 

 Avery’s testimony was that: “As I was walking south on the east side of the building two subjects came into my view from my right * * * I saw the two suspects running in front of me, I drew my service revolver, ordered them to halt * * * One subject halted, the other one proceeded up over the top of the knoll onto Route 14.” Avery further described defendant’s movements: “he ran from my right to my left and up the hill.”