OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant, a New York City Police Officer, was convicted of criminal possession of stolen property and official misconduct. At trial, defense counsel declined to introduce evidence on entrapment, apparently fearing that the People would have been permitted to counter with evidence of defendant’s predisposition. After resting, however, counsel indicated that he would raise entrapment, but did not seek to reopen and delivered a summation which did not refer to entrapment. Subsequently, counsel requested permission to reopen his summation and requested a charge on entrapment. The application was denied, but, after rendition of the verdict, the trial court granted defendant’s motion to set aside the verdict (CPL 330.30 [1]), stating "I think I should have let him reopen his summation * * *. I think I made a mistake.”
The Appellate Division reversed the order and reinstated the verdict. Taking language from People v Carter (63 NY2d 530) out of context, the court reasoned that a CPL 330.30 motion may not be granted if evidence of a defendant’s guilt is legally sufficient. Although we reject that analysis, the result reached by the Appellate Division is correct, and its order should be affirmed.
CPL 330.30 (1) authorizes a trial court to set aside a verdict if a ground appears in the record "which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.” In People v Carter (63 NY2d 530, *695 supra), we held that the section precluded a trial judge from reweighing evidence, a factual review (see, CPL 470.15 [5]), and, after finding the evidence legally sufficient, a question of law (see, CPL 470.15 [4] [b]), we reinstated the verdict (see also, People v Colon, 65 NY2d 888; People v Goodfriend, 64 NY2d 695). In no respect did we imply that a CPL 330.30 (1) motion must be denied, irrespective of the ground upon which it is made, if evidence of defendant’s guilt is legally sufficient.
There was, however, no error of law warranting the vacatur of the jury verdict (see, People v Collins, 72 AD2d 431, 437). In light of defendant’s stated disavowal of, and failure to present evidence relevant to, an entrapment defense, Criminal Term’s refusal to allow counsel to reopen his summation and its denial of his request to charge entrapment were eminently correct (see, People v Mapp, 47 NY2d 939; People v Seale, 47 NY2d 923). Certainly, there was no abuse of discretion constituting error of law (Cohen and Karger, Powers of the New York Court of Appeals § 158 [rev ed]).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.