■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HARRELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered December 2, 1985, convicting him of burglary in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence establishes that at approximately 7:00 A.M., on October 26, 1984, the defendant was found, crouched in the corner of the kitchen of 109-31 153rd Street, Jamaica, Queens, with a chisel in his hand, removing a sink from the wall. The owner of the premises testified that the defendant did not have his permission to enter the building.

The evidence also establishes that, when an investigating police officer asked the defendant to explain his presence, the defendant told him that a person known only as "Joe" told him (the defendant) that he could renovate the subject building and remove the sink. The owner of the building testified, however, that on October 26, 1984, no renovation work was being done on the premises.

On appeal, the defendant contends that the court erred

when it refused his request to charge the jury as to various degrees of criminal trespass as lesser included offenses with respect to burglary in the third degree *(see,* CPL 300.50 [1], [2]). We do not agree with this argument.

In the present case, the defendant was guilty of burglary in the third degree or nothing at all *(see, People v Blim,* 63 NY2d 718). If the jury chose to discredit the defendant's prearrest statement, then no possible inference would remain other than that the defendant intended to commit larceny by taking the sink. No rational explanation for the defendant's conduct in removing the sink from the wall exists other than that he intended to take it. If, on the other hand, the jury believed the defendant's statement, then it would have been necessary to conclude not only that the taking of the sink was not larcenous, but also that the defendant honestly believed that he had the right to enter the premises. Such a belief would negate an element of criminal trespass *(see, People v Basch,* 36 NY2d 154, 159). In other words, there is no "reasonable view of the evidence which would support a finding that the defendant committed [the crime of criminal trespass] but did not commit [the crime of burglary in the third degree]" (CPL 300.50 [1]). Accordingly, the court did not err in refusing to charge lesser included offenses.

Any error committed by the trial court as alleged in the defendant's remaining contention on appeal was harmless *(see, People v Crimmins,* 36 NY2d 230). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.