■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO FIGUEROA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 11, 1987, convicting him of burglary in the second degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Shortly after noon on December 10, 1985, the police responded to a report of a burglary in progress at a single-family home at 149-25 125th Street in Ozone Park, Queens. Upon their arrival the police found that a bathroom window and a door leading to the basement had been broken, that an alarm box attached to the front of the house had been dismantled, and that various television sets and video cassette recorders inside the house had been disconnected and moved from their customary positions. Upon searching the house, the police discovered the defendant and his accomplice inside a bedroom closet on the second floor.

On appeal, the defendant contends that the People failed to prove his guilt beyond a reasonable doubt, that he was denied his right to a fair trial by the court's refusal to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree, and that his sentence was excessive. The defendant's contentions are without merit.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's

guilt beyond a reasonable doubt. The evidence of the defendant's guilt was overwhelming, since the People proved that he and his companion were discovered hiding in a closet of a house which showed signs of being burglarized, only minutes after the police had received a report that two males had been seen breaking into the complainant's premises.

Contrary to the defendant's contentions, there were no significant inconsistencies in the testimony of the People's witnesses. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The trial court properly refused to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree since there is no reasonable view of the evidence that would support a finding that the defendant committed the lesser offense but not the greater *(People v Blim,* 63 NY2d 718; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Henderson,* 41 NY2d 233). According to the defendant he entered the complainant's home as an emergency measure to investigate what appeared to be a burglary in progress, but fled in panic to hide in an upstairs bedroom closet when he heard male voices coming from the basement. A colorable claim of privilege or license is a defense to a charge of trespass *(United States ex rel. Horelick v Criminal Ct.,* 507 F2d 37), and even a mistaken colorable claim of right negates the criminal intent necessary for conviction of trespass *(People v Basch,* 36 NY2d 154; *People v Barton,* 18 AD2d 612; *see,* Penal Law § 15.05 [2]; § 15.20 [1] [a]). In consequence, if the jury credited the defendant's testimony, it would have been forced to conclude that the defendant was not guilty of criminal trespass because he honestly believed that he had the right to enter the premises *(People v Harrell,* 133 AD2d 706, *lv denied* 70 NY2d 955). Accordingly, the court did not err in refusing to charge the lesser included offense *(People v Harrell, supra).*

Finally, we conclude that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.