■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO BERMUDEZ, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered October 12, 1988, which convicted defendant, upon a jury verdict, of burglary in the second degree and sentenced defendant to a term of 4 to 8 years' imprisonment, unanimously affirmed.

The prosecution's case sufficiently established that defendant unlawfully entered an apartment by forcing its lock, ransacked the apartment strewing contents of drawers and boxes about, and that upon discovery, he fled with a plastic bag containing jewelry. Proof as to the actual theft was, however, not as strong as the proof establishing the unlawful entry and defendant's intent. In these circumstances, we find the Trial Justice properly denied defendant's request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. There was no reasonable view of the evidence which would support a finding that, while defendant committed such trespass, he did not also commit burglary in the second degree *(People v Glover,* 57 NY2d 61). Whether or not defendant fled the apartment with the occupants' property was not an element of burglary in the second degree, which, beyond the elements of criminal trespass in the second degree, requires only that the unlawful entry be "with intent to commit a crime therein" (Penal Law § 140.25). Neither defense counsel nor defendant's attorney on appeal has suggested a plausible, let alone reasonable explanation of the unlawful entry alternative to one with intent to commit a crime in the apartment. *(See also, People v Blim,* 63 NY2d 718.) Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.