■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER MILEY, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered August 20, 1984, convicting defendant, after a jury trial, of burglary in the second degree (Penal Law § 140.25 [2]) and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

Defendant and his girlfriend were observed by the complainant's next-door neighbor as they removed a television, stereo and speakers, and other articles, in successive trips, from complainant's apartment. At one point, the girlfriend said to the neighbor, "That bitch owes me money, and I want my

money, and we taken *[sic]* her stuff". The complainant testified that she owed defendant's girlfriend $12 for baby-sitting, but was waiting for her welfare check to pay off the debt. This testimony established defendant's guilt by legally sufficient evidence and beyond a reasonable doubt.

Defendant's contention that the trial court should have charged trespass as a lesser included offense was expressly waived at trial (CPL 300.50 [1], [2]; *People v Green,* 56 NY2d 427, 430), and is unpreserved for review as a matter of law. *(See, People v Buckley,* 75 NY2d 843.)* In any event, the claim is without merit, as no reasonable view of the evidence supported the submission of trespass as a lesser included offense. *(See, People v Blim,* 63 NY2d 718, 721.)* Defendant also failed to preserve for appellate review as a matter of law (CPL 470.05 [2]) any challenge to the complainant's testimony alluding to defendant's unauthorized presence in her premises on a prior occasion, and we decline to reach this claim in the interests of justice. Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.