■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICK A. CAMPBELL, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 24, 1989, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant was arrested after police officers found him hiding among the ceiling pipes in the boiler room of a laundromat in Chemung County during the early morning hours of October 25, 1988. At that time, defendant was holding a screwdriver which matched perfectly the pry marks found on two vending machines on the premises. A trial was held after which defendant was convicted of third degree burglary and sentenced as a second felony offender to a prison term of 3½ to 7 years. Defendant now appeals.

We affirm. Defendant contends that County Court erred in denying his motion to suppress certain statements given to the police. We initially reject this argument because the record demonstrates that the People did not offer the statements into evidence at trial (see, People v Booker, 141 AD2d 925; People v Simms, 124 AD2d 349, 350; People v Parker, 90 AD2d 565, affd 60 NY2d 714). Moreover, we can find, in any event, no basis to disturb County Court's Huntley determination (see, People v Booker, supra).

We similarly reject defendant's argument that the verdict was against the weight of the evidence. The night clerk at the laundromat testified that on the date in question she locked and secured the building around 8:00 P.M. There was also testimony that entry to the building could be easily gained by applying slight pressure to a service window and disengaging the lock. Defendant was found hiding in the building and in possession of a screwdriver that matched the pry marks found on two vending machines. Viewing the evidence in the light most favorable to the People, we find the evidence sufficient to sustain the conviction (see, People v Contes, 60 NY2d 620, 621).

Finally, we reject defendant's contention that County Court erroneously refused to charge the jury with the lesser included offense of third degree criminal trespass. Again we note that defendant was discovered in possession of a screwdriver that was used in attempts to pry open two vending machines. In our view, there exists no identifiable basis upon which the jury could have found that defendant committed the lesser offense of trespass but not the greater offense of burglary (see, People v Glover, 57 NY2d 61; People v Scarborough, 49 NY2d 364; People v Lattanzio, 156 AD2d 757, 760, lv denied 76 NY2d 860).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.