OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by vacating the conviction of burglary in the third degree and
 
 *951
 
 remitting to County Court, Onondaga County, for a new trial on that count, and, as so modified, affirmed.
 

 Defendant was charged with burglary in the third degree and other crimes stemming from his entry into a service station at about 2:00 a.m. and theft of money from the cash register. At trial, defendant testified that he entered the service station solely with the intent to find the hose that was missing from the outdoor air compressor so that he could fill the slowly-leaking tire of the bicycle that he was riding. According to defendant, while searching for the hose, he encountered the open cash register drawer and, only then decided to take the money it contained. The trial court properly instructed the jury on the legal principle that the crime of burglary is committed when a person knowingly and unlawfully enters a building with the contemporaneous intent to commit a crime therein (see,
 
 People v Gaines,
 
 74 NY2d 358, 362). During deliberations, however, the jury sent out the following query: "[t]o be guilty of burglary 3rd, must the 'intent’ be related to the property (money) subsequently taken? — Or, is the intent to take the hose relevant? If intent to remove the hose is [relevant] to the 'intent’ issue, does the intent to appropriate it for temporary use change anything?” The court responded to the note by stating, over defense objection: "[y/ou must determine whether or not there was authority or permission granted to do that with the hose, and whether or not that with the hose was unlawful. As to your question * * * does temporary use change anything? I think I have answered that by my last comment to you” (emphasis added).
 

 Through its responsive instruction, the court erroneously indicated that it was within
 
 the jury’s
 
 province to determine whether temporary use of the air hose was a crime — a question of law reserved for the court. Absent any proof that use of the air was a service for which the station charged, temporary use of the hose would not amount to any crime
 
 (cf.,
 
 Penal Law § 165.15 [4] [theft of services];
 
 see also,
 
 Penal Law § 155.00 [1], [8]; § 155.05). Thus, as urged in the defense objection, the supplemental instruction was prejudicially misleading because it improperly allowed the jury to conclude that defendant’s intent to temporarily use the air hose could establish the "intent to commit a crime upon entry” predicate for a burglary conviction. Accordingly, the burglary conviction should be vacated, and a new trial held on that count
 
 (see, People v Gaines,
 
 74 NY2d 358, 363,
 
 supra).
 

 Defendant’s remaining preserved and reviewable contentions lack merit.
 

 
 *952
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified and case remitted to County Court, Onondaga County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.