■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITE, Appellant. [682 NYS2d 33] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered September 5, 1995, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was arrested for burglary after he was observed in the basement of a restaurant by two restaurant employees. The basement was accessible from the public sidewalk by way of a metal "bulkhead" door and descending stairs. The employees testified that defendant was "looking at a wallet" and had another employee's shirt in his hands. When one employee asked defendant what he was doing there, he replied "[i]t's cold outside." On the date of the incident, the temperature was approximately 10 to 15 degrees Fahrenheit and defendant was dressed in a sweater, knit cap, pants and boots.

Reversal is required because the trial court erroneously refused defendant's request for a jury instruction on the lesser included offense of trespass in the third degree (*see generally, People v Glover*, 57 NY2d 61, 63). Trespass in the third degree is plainly a lesser included offense of burglary in the third degree (*see, People v Blim*, 63 NY2d 718, 720; *People v Martin*, 59 NY2d 704, 705), and there was a reasonable view of the evidence, when viewed most favorably to the defendant (*see, People v Martin, supra*, at 705), that he did not contemporaneously possess the intent to commit a crime when he entered the premises (*see, People v Gaines*, 74 NY2d 358, 360; *People v Gonzalez*, 221 AD2d 203).

In light of this determination, we decline to address defendant's additional claim of error relating to the court's *Sandoval* ruling, which, at the very least, constituted the outermost bounds of a permissible exercise of discretion. Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.