■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIUSEPPE L. CATALDO, Appellant. [688 NYS2d 265] —Graffeo, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered April 24, 1998, upon a verdict convicting defendant of the crime of criminally negligent homicide.

Defendant was indicted on one count of manslaughter in the first degree stemming from the fatal stabbing of Robert Hickey on July 18, 1997 in the Town of Owego, Tioga County. Defendant and Hickey were attending a party at a friend's home when an altercation arose during which Hickey confronted defendant for the purpose of provoking a fight. Hickey, however, was restrained by another friend from engaging in a physical confrontation.

Later, outside the residence, defendant was standing next to the driver's seat of his automobile with the door open, arguing with his girlfriend who was adjacent to the passenger-side door. Hickey again approached defendant and indicated that he wanted to fight. Defendant testified that as Hickey was standing in front of him, he squatted down and retrieved a knife from his car. Although none of the witnesses observed a knife displayed at any time, defendant asserted that he showed the knife to Hickey for the purpose of preventing the fight. According to witnesses who testified at trial, a fight ensued after Hickey pushed defendant who reacted by punching Hickey in

the face. The altercation, which occurred primarily on the ground, ended when another individual was able to separate the two combatants. Thereafter, defendant left the scene in his automobile and Hickey was taken into the house. As a result of the fight, Hickey sustained a fatal stab wound to the abdomen and the left flank which pierced his spleen and kidney. He also suffered a deep cut on his left hand and a large cut on his forehead.

During the jury trial, defendant maintained that the wounds causing Hickey's death were accidentally inflicted and that he brandished the knife in order to dissuade Hickey from engaging in a fight. At the conclusion of trial, defendant was found not guilty of manslaughter in the first and second degrees, but found guilty of criminally negligent homicide. Defendant was sentenced to an indeterminate prison term of 1 to 4 years and now appeals.

Defendant contends that County Court erred in its refusal to charge justification (*see,* Penal Law § 35.05) for a second time in response to the jurors' request for instruction on the law of self-defense. In its initial charge to the jury, the court provided the instruction regarding justification pursuant to Penal Law § 35.05 (2): "If you believe that the defendant displayed a knife as an emergency measure to avoid his imminent private injury which was about to occur by reason of a situation occasioned or developed through no fault of his own, then the defendant's conduct in displaying the knife, by itself, is not a criminal act." Thereafter, the charge relating to justification pursuant to Penal Law § 35.15 was given which pertains to the "use of physical force in defense of a person". After the jury returned a verdict of guilty on the charge of criminally negligent homicide, County Court began to thank the jury for its efforts. A juror, however, inquired, "Isn't there one more part?", and the jury foreperson elaborated that it was "our understanding we were supposed to let you know when we had a verdict and then you would read to us about self-defense". After explaining to the jury that its procedural understanding was erroneous, the court asked whether the jury had reached a verdict and the foreperson responded that they had not. County Court then inquired whether the jurors remembered the instruction on self-defense or if they would like to have it read again. Since the foreperson indicated that the jury would like to have the charge read again, the court proceeded to reiterate the instruction pertaining to Penal Law § 35.15 but denied defense counsel's request to charge justification pursuant to Penal Law § 35.05 (2).

It is well settled that the trial court must provide meaningful supplemental instructions in response to a juror's questions (*see, People v Malloy,* 55 NY2d 296, 301-302, *cert denied* 459 US 847). The factors considered in the determination of whether a supplemental instruction was sufficient in response to a jury's inquiry includes the form of the jury's question, the particular issue, the substance of the supplemental instruction and the presence or absence of prejudice to defendant (*see, People v Almodovar,* 62 NY2d 126, 131-132). Here, the jury was clearly under the mistaken impression that they should report their finding of guilt or innocence before considering the applicability of self-defense. Upon learning of their misconception and prior to considering the justification defense proffered by defendant, the jury requested the "instructions regarding self-defense" to be provided again. Although we acknowledge that the trial court generally is vested with discretion in responding to jury inquiries (*see, People v Steinberg,* 79 NY2d 673, 684), we are constrained to conclude that the supplemental instructions given by County Court in this case were insufficient.

Penal Law § 35.05 (2) grants discretion to the court to determine "whether the claimed facts and circumstances would, if established, constitute a defense". Having determined as a matter of law that, based on the evidence adduced at trial, a justification charge pursuant to Penal Law § 35.05 (2) was appropriate* (*see,* Penal Law § 35.05 [2]; *People v Craig,* 78 NY2d 616, 623), and considering the jury's misapprehension regarding their deliberations, the charge needed to be included in supplemental instructions focusing on the defense of justification, which was of critical importance in this case. At trial the prosecutor argued that defendant was the initial aggressor of deadly physical force by virtue of his introduction of the knife into the fight, while in contrast the defense maintained that defendant was justified in wielding the knife to discourage the attack, thereby emphasizing the justification issue. Under the facts and circumstances of this case, and in light of the prejudice to defendant, the failure to provide both charges regarding justification in response to the jury's request operated to deprive defendant of a fair trial (*see, People v Gittens,* 196 AD2d 795, 796-797, *lv denied* 82 NY2d 849; *People v Primus,* 178 AD2d 565).

We have considered defendant's remaining contentions, including but not limited to County Court's decision not to sup-

---

* Notably, neither party challenged County Court's decision to include a Penal Law § 35.05 (2) charge in its initial instructions to the jury.

press certain statements of defendant, and have found them to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for a new trial.