■ The People of the State of New York, Respondent, v Erica Henning, Appellant. [706 NYS2d 748] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 9, 1996, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

In July 1995 and October 1995, indictments were handed up against defendant, each charging criminal sale of a controlled substance in the third degree. The indictments stem from allegations that defendant sold cocaine to the same confidential police informant on the night of April 13, 1994 in her apartment and again on the night of March 23, 1995 on a local street. At the trial on the consolidated indictments, the informant testified that he purchased cocaine from defendant on both of these occasions with money given to him by the police.

With respect to the alleged sale in defendant's home, the informant testified that another individual was present, a man he referred to as "C.J." The defense theory on this charge was that defendant was merely present in her home during the transaction but did not participate in it. The informant was wired with a transmitter during this transaction and at trial an audiotape was admitted into evidence and played to the jury on several occasions. Notably, defense counsel argued that a careful review would confirm the defense theory of the case. From this Court's review of the audiotape, it is clear that background noise from a television in the apartment renders much of it undecipherable. To be sure, it does not conclusively establish that *defendant* sold drugs to the informant. With respect to the street sale approximately 11 months later, the informant was the only person present and he was not wearing a wire. Although police surveillance teams were in place in the neighborhood and observed the informant with defendant, no officer witnessed the alleged drug transaction. Despite the informant's trial testimony, defendant was acquitted of the March 23, 1995 sale but found guilty of the April 13, 1994

sale.[1] Sentenced to 8⅓ to 25 years in prison, defendant appeals.

Of the three arguments raised by defendant on appeal, we find one meritorious warranting reversal of her conviction, namely, that County Court failed to fully respond to a jury request for supplemental instructions. During its deliberations, the jury sent the following note to County Court: "If the sale was made by to [sic] other people in [defendant's] home and she wasn't involved. [sic] Because she was aware of the sale going on, does that constitute her being guilty of the charge of sale?" Defense counsel immediately requested that County Court charge the jury that mere presence during a drug transaction is insufficient to find one guilty of criminal sale of a controlled substance. Believing the question needed clarification, County Court suggested that the jury be asked to rewrite the note and clarify their question.[2] While defense counsel had no specific objection to a request for clarification, he again reiterated his position that "any interpretation of this note would be satisfied by the Court reading that mere presence is not enough."

The note, as rewritten, asked the following: "If an illegal sale involving cocaine takes place in my home with my knowledge, but without my participation, can I be charged with the sale?" The jury also asked to be reinstructed on the terms "sale" and "knowingly." Defense counsel again requested County Court to charge the jury that the mere presence at a drug transaction is not sufficient for a conviction. County Court declined the request and further refused to answer the question, finding that the jury was asking a hypothetical question which was inapplicable to the case. Specifically, the court interpreted the question as asking "whether somebody * * * can be *charged*" (emphasis supplied), as opposed to convicted. Viewed in context with the first question, the question as rewritten—while perhaps somewhat inartfully drafted by its lay authors—obviously required clarification for the jury on a legitimate legal issue, i.e., whether mere presence during a drug sale is sufficient to be convicted of that sale. At the very least, the reworded

---

**1.** The jury obviously found some, if not all, aspects of the informant's testimony incredible. This credibility determination is not without basis given his lengthy criminal record, the fact that his "assistance" to the police in the case resulted in an extremely favorable disposition of the most recent charges against him and his candid admission during cross-examination that he continued to use crack cocaine even after he became a police informant.

**2.** Specifically, County Court was unsure if the jury meant to use the phrase "*to* other people" (emphasis supplied) in the first sentence or "*two* other people" (emphasis supplied), and sought clarification of this verbiage.

question warranted further clarification by the court, a request that was also made by defense counsel but summarily denied.

When a jury requests further instructions during its deliberations, a court "must give such requested information or instruction as [it] deems proper" (CPL 310.30). While possessed with some discretion in framing a supplemental instruction, "[i]n all instances, the court must 'respond meaningfully' to an inquiry" (*People v Steinberg*, 79 NY2d 673, 684, quoting *People v Almodovar*, 62 NY2d 126, 131; *see, People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847). In analyzing the sufficiency of a trial court's response, this Court must take into consideration the form of a jury's inquiry (which itself may need to be clarified), the issue for which clarification is sought, the supplemental instruction given and any resulting prejudice to the defendant (*see, People v Almodovar, supra*, at 131-132; *People v Malloy, supra*). Here, based upon a plausible theory of events as presented by the defense throughout the trial, the jury wanted to know the consequences of merely being present during a drug transaction and whether same was sufficient to establish guilt of a crime.

Since the mere presence at the scene of a drug transaction, without more, is not sufficient to establish guilt of a sale charge (*see, People v Christopher*, 161 AD2d 896, 897, *lv denied* 76 NY2d 786), County Court's refusal to respond directly to the inquiry, based upon its literal reading of the rewritten question, did not constitute a meaningful response to the request (*cf., People v Starr*, 213 AD2d 758, *lv denied* 85 NY2d 980). The resulting prejudice to defendant is manifest (*see, People v Lourido*, 70 NY2d 428, 435) and she is therefore entitled to a new trial (*see, e.g., People v Cataldo*, 260 AD2d 662, *lv denied* 93 NY2d 968; *People v Panetta*, 250 AD2d 710, *lv denied* 92 NY2d 903).

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.