■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. SMITH, Appellant. [732 NYS2d 675] —Cardona, P. J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 21, 1999, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, vehicular manslaughter in the second degree and leaving the scene of an incident without reporting.

In the early morning hours of September 21, 1998, defendant, while driving on Albany Shaker Road in the Town of Colonie, Albany County, struck and killed Jeffrey Deters who was walking off the paved roadway in an adjacent grassy area. The victim's body was discovered at approximately 8:40 A.M. In the evening of that same day, defendant telephoned the Colonie police and told a police officer that he had watched the evening news and wondered if he might have been involved in the hit and run reported therein. Defendant brought his vehicle to the station and gave a sworn statement that, on the evening of September 20, 1998, he checked on his "camp" in the Adirondack Mountains and left for home around 11:30 P.M. Defendant claimed that he got lost and, at one point, "something came out of some woods from [his] right side" and he heard a "bang." Defendant further claimed that he stopped his vehicle, looked out of his back window and saw nothing. He stated that he "thought maybe a deer had come out of the woods and maybe went back in after hitting [him]." A later police investigation revealed that defendant lied about being at his camp and had been drinking at a bar that evening. The proof indicated that defendant asked the bartender to lie to the police and deny that he was there.

At trial, the People sought to prove that, while intoxicated, defendant drove off the side of the road, struck the victim and then left the scene without ascertaining the victim's condition. Following a jury trial, defendant was convicted of manslaughter in the second degree, vehicular manslaughter in the second degree and felony leaving the scene of an incident without reporting. County Court sentenced defendant to concurrent indeterminate terms of imprisonment of 5 to 15 years for manslaughter in the second degree, $2^1/_3$ to 7 years for vehicular manslaughter in the second degree and $1^1/_3$ to 4 years for leaving the scene of an incident without reporting. Defendant appeals.

Initially, we are unpersuaded that the evidence was legally insufficient to support defendant's convictions. The essence of

defendant's argument is that while the evidence established that he struck the victim with his vehicle, there was insufficient proof that defendant drove his vehicle off the main part of the road, was intoxicated at the time he struck the victim, or knew that he had hit a person as opposed to an animal. Turning first to the location of defendant's vehicle at the time of the collision, a certified accident reconstruction police investigator, Owen Burns, testified that the pattern of debris found at the scene established that defendant's vehicle struck the victim while he walked along the grassy area adjacent to the road. A forensic pathologist testified that the injuries on the victim's back were consistent with that theory and did not support defendant's argument that the victim walked into the road in front of his vehicle.

Proceeding to the issue of defendant's intoxication, two witnesses testified that defendant was drinking at a bar on the same night and one of the witnesses stated that defendant was intoxicated. The bartender testified that defendant arrived around 5:00 P.M. or 6:00 P.M. and left in his vehicle a little after midnight. During that time, defendant drank five or six beers, a "couple of" double shots of Yukon Jack, and then at least two more beers. In reference to the charge of leaving the scene of an incident without reporting, defendant conceded in his statement that he hit "something," although he claimed that he could not see what he hit. Nevertheless, Burns opined that the victim, wearing a brightly-colored tie-dyed T-shirt, was struck from behind and "thrown onto the hood," where he hit the windshield of defendant's vehicle with his head. Burns described a crack to the windshield as "substantial." Viewing the evidence in a light most favorable to the People (*see, People v Taylor*, 94 NY2d 910; *People v Contes*, 60 NY2d 620, 621), we find that the evidence adduced at trial was legally sufficient to allow the jury to find, based upon reasonable, permissible inferences drawn from defendant's actions and the surrounding circumstances, the essential elements of the crimes beyond a reasonable doubt (*see, People v Contes, supra*, at 621).

We are similarly unpersuaded by defendant's assertion that the verdict was against the weight of the evidence. Viewing the evidence in a neutral light and according deference to the fact finder's ability to observe the witnesses and evaluate their credibility (*see, People v Bleakley*, 69 NY2d 490, 495), we cannot say that the jury failed to accord the evidence its proper weight.

Next, defendant raises several challenges to County Court's jury charge. Contrary to defendant's claim, the court adequately

responded to the jury's additional requests for definitions despite the fact that the court omitted certain language that had been included in the original instructions to the jury. Notably, when a jury requests additional instructions or clarification during its deliberations, a court "must give such requested information or instruction as [it] deems proper" (CPL 310.30). While the court has discretion in framing its response (*see, People v Henning*, 271 AD2d 813, 815; *see also, People v King*, 277 AD2d 708, 710, *lv denied* 96 NY2d 802), it "is obligated to respond in a meaningful fashion" (*People v Ward*, 282 AD2d 819, 821). "In analyzing the sufficiency of a trial court's response, this Court must take into consideration the form of a jury's inquiry (which itself may need to be clarified), the issue for which clarification is sought, the supplemental instruction given and any resulting prejudice to the defendant" (*People v Henning, supra*, at 815 [citations omitted]).

Here, when County Court charged the jury concerning manslaughter in the second degree and vehicular manslaughter in the second degree, it read the statutory definitions of recklessly and criminal negligence (*see*, Penal Law § 15.05 [3], [4]). In doing so, the court gave additional instructions, including the following statement: "Evidence of intoxication alone without more is not sufficient evidence that the defendant created or contributed to a substantial and unjustifiable risk that another person's death would occur. It is the People's burden to prove beyond a reasonable doubt defendant's consumption of alcohol and imprudent driving and that these were [causally] related to [the victim's] demise." During deliberations, the jury requested that the court, *inter alia*, reread the definitions of recklessly and criminal negligence. The court proceeded to reread the definitions exactly as they had been previously read, but defense counsel objected to the court's failure to repeat the "evidence of intoxication" language stated above. The court declined, noting that it had read back the definition exactly as it had originally been given and stated that, inasmuch as the additional intoxication language was not part of the statutory *definition* of recklessly or criminal negligence, it went beyond the definition and, therefore, was not included in the read back. Thereafter, the jury sent a second note in which it requested another reading of the definition of recklessly. Defendant made the same objection, and the court read the exact same definition again, citing the same reasons for doing so. Although the court did not include the intoxication information in its response to the jury's questions, we conclude that it meaningfully responded to the jury's requests. As noted at trial, each time it gave a definition, County Court provided the jury with

the exact definition as set forth in the Penal Law and, given the absence of proof that the jury was dissatisfied with the response or struggling with different issues, the court's response was sufficient under the circumstances.

Finally, inasmuch as the People's case consisted of both circumstantial and direct evidence, County Court properly denied defendant's request for a circumstantial evidence charge (*see, People v Walker,* 274 AD2d 600, 601, *lv denied* 95 NY2d 908; *see also, People v Durham,* 248 AD2d 820, 821, *lv denied* 91 NY2d 972).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.