■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAHUE A. MILLER, Appellant. [732 NYS2d 712] —Carpinello, J. Appeal from a judgment of the County Court of Chenango County (Avery, Jr., J.), rendered July 18, 2000, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

On June 9, 1999, defendant was employed as a laborer on a construction project in the Town of Smithville, Chenango County. Upset with his employer over a work-related dispute, defendant quit his job that morning and, upon learning that afternoon that his paycheck had bounced, he returned to the construction site in the evening to collect his tools. He was accompanied by a friend and co-worker, Kory Minshall. It is undisputed that while inside the partially completed structure, defendant stole some of his employer's tools. He was thereafter indicted on burglary in the third degree and grand larceny in the fourth degree.[1] Prior to trial, County Court reduced the second count of the indictment to petit larceny.

1. Minshall was also arrested following the incident and charged with burglary. He, however, was permitted to plead guilty to a misdemeanor criminal trespass charge in exchange for his testimony against defendant. Suffice it to say, his testimony contradicted defendant's in some serious respects at trial.

At the ensuing jury trial, the most hotly contested issue concerned *when* defendant formed the intent to steal his employer's tools. The People contended that defendant formed such intent upon entry into the building. Although the People had no direct evidence to support this contention, they attempted to prove it circumstantially, pointing out to the jury that defendant was angry at his employer because of the events of that day. Of note, however, three of the People's four witnesses were present at the construction site when defendant returned on the evening of June 9, 1999 and each testified that defendant returned for the stated purpose of collecting his own tools.[2] Defendant similarly testified. The record further reveals that defendant did not attempt to hide his presence at the construction site prior to his entry into the building, which was unlocked and unsecured. Defendant did not dispute at trial that he was in fact guilty of petit larceny by virtue of stealing his employer's tools, but he claimed that he only decided to do so once he was inside the building. Found guilty by the jury of burglary in the third degree and petit larceny, our review of the record reveals two trial errors which warrant reversal of the burglary conviction only.

Consistent with the defense theory of the case, defense counsel requested that County Court charge criminal trespass in the third degree as a lesser included offense of burglary in the third degree. County Court's denial of this request was error. To be sure, criminal trespass in the third degree is a lesser included offense of burglary in the third degree (*see, People v Blim*, 63 NY2d 718, 720). Moreover, a reasonable view of the evidence in this case warranted that this lesser included offense be charged since the jury could have found that defendant committed trespass (because he was inside the building without permission) but not burglary (because he did not contemporaneously possess the intent to commit a crime when he entered it) (*see, People v White*, 256 AD2d 67; *People v Gonzalez*, 221 AD2d 203; *People v Tano*, 169 AD2d 878; *cf., People v Blim, supra; People v Campbell*, 170 AD2d 839).

County Court also erred in one of its supplemental instructions to the jury. During deliberations, the jury, obviously grappling with the much-disputed issue of intent, sent a note to County Court which read: "Need a definition of intent *within a time frame*" (emphasis supplied). It was then agreed between counsel and County Court that the court would respond to this request by simply rereading the burglary charge which, by

---

**2.** These witnesses consisted of Minshall, as well as two volunteer workers who were planting flowers outside.

itself, may have been an appropriate resolution of the matter (*see generally*, *People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847). In responding to the note, however, County Court gratuitously added, "I will read to you once again the burglary charge, and *I want you to pay close attention to the definition of intent because I believe the time frame will be indicated within that definition*" (emphasis supplied). The court's definition of "intent" was as follows: "Intent means conscious objective or purpose. Thus, a person has the intent to commit a crime in a building when that person's conscious objective or purpose is to commit a crime in that building."

Following the rereading, defense counsel promptly objected to County Court's gratuitous, additional statement concerning what the jurors should focus on in resolving the issue of the "timing" of defendant's intent. Specifically, counsel argued: "[W]hen your Honor emphasized that the answer to their question would be the intent portion of the burglary charge, I'm concerned that that may mislead them into thinking that intent at any time may lead them to convict [defendant] of burglary. When we discussed it in chambers, that's why I wanted the whole charge read. And when you emphasized to the jury that their answer would be within that intent portion, I think that may confuse them. Because we've admitted intent, and that's why I'm concerned. * * * And then you added that you think that the answer to their question would be within the intent portion of that definition, and that's where I disagree because if you take the intent portion of the burglary charge out of context, [defendant] is guilty. He intended to take tools, he admitted that." Notwithstanding defense counsel's objection, no curative action was taken by the court. Notably, shortly thereafter, the jury returned its guilty verdict.

Upon receiving the request for a supplemental instruction by the jury, County Court was required to "perform the delicate operation of fashioning a response which meaningfully answers the jury's inquiry while at the same time working no prejudice to the defendant" (*People v Williamson*, 267 AD2d 487, 489, *lv denied* 94 NY2d 886; *see*, *People v Bleau*, 276 AD2d 131, 134). By imposing its belief that the legal definition of "intent" would resolve any question concerning the time frame in which defendant's intent had to have been formed, the court critically misled the jury in that this instruction tended to suggest that defendant could form the necessary intent even *after* entry into the building (*see*, *People v Brown*, 87 NY2d 950). Since the issue of the timing of defendant's intent to take his employer's tools was the primary disputed issue at trial, we find that the

prejudicial effect of the court's supplemental instruction deprived him of a fair trial (*see, id.*; *People v Primus*, 178 AD2d 565; *People v Aguilar*, 177 AD2d 197; *see also, People v Cataldo*, 260 AD2d 662, *lv denied* 93 NY2d 968).

We have reviewed defendant's remaining contentions and find that they are either unpreserved for our review or without merit.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of the crime of burglary in the third degree; matter remitted to the County Court of Chenango County for a new trial on the first count of the indictment; and, as so modified, affirmed.