■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICKY SIMMONS, Respondent. [904 NYS2d 719]—

Appeal by the People from so much of an order of the Supreme Court, Kings County (D'Emic, J.), entered February 4, 2009, as granted that branch of the defendant's motion pursuant to CPL 330.30 which was to reduce his conviction of murder in the first degree to murder in the second degree.

Ordered that the order is affirmed insofar as appealed from.

In considering a motion to set aside or modify a verdict pursuant to CPL 330.30 (1), a trial court may only consider questions of law, not fact (*see People v Ventura*, 66 NY2d 693, 695 [1985]; *People v Carter*, 63 NY2d 530, 536 [1984]; *People v Sadowski*, 173 AD2d 873, 873-874 [1991]). Moreover, a court may only consider claims of error which are properly preserved for appeal (*see People v Silas*, 308 AD2d 465, 466 [2003]; *People v Sadowski*, 173 AD2d at 874). However, an objection raised after the initial charge is given will be considered timely provided that it is raised prior to the verdict and at a time which affords the court an opportunity to correct its error (*see People v Albert*, 85 NY2d 851, 853 [1995]; *People v Khan*, 68 NY2d 921, 922 [1986]; *People v Whalen*, 59 NY2d 273, 280 [1983]).

In this case, the defendant properly preserved his objection to the Supreme Court's instruction regarding first degree murder by requesting clarification in the Supreme Court's supplemental jury instructions and objecting that the supplemental instructions, when given, did not contain the requested distinction regarding intent. Accordingly, the objection raised by the defendant was properly preserved for appellate review (*see People v Whalen*, 59 NY2d at 280).

In *People v Cahill* (2 NY3d 14 [2003]), the Court of Appeals held that a defendant facing prosecution for murder under Penal Law § 125.27 (1) (a) (vii) was entitled to jury instructions which made clear that, when used to aggravate the crime of murder, the criminal intent for burglary must be distinct from the intent to kill (*see People v Cahill*, 2 NY3d at 64-66; *People v Lucas*, 11 NY3d 218, 222 [2008]). In the instant case, the Supreme Court, despite the defendant's objection, did not make this distinction for the jury. Since this error was not harmless (*cf. People v Brown*, 87 NY2d 950, 951 [1996]; *People v Cahill*, 2 NY3d at 64-65; *see generally People v Brian*, 84 NY2d 887, 889 [1994]), and it is impossible to determine whether the jury relied on the defendant's intent to kill the victim or instead to commit some other crime (*see People v Martinez*, 83 NY2d 26, 32 [1993], *cert*

*denied* 511 US 1137 [1994], citing *Griffin v United States*, 502 US 46, 51-55 [1991]), the Supreme Court properly reduced the defendant's conviction from murder in the first degree to murder in the second degree.

The parties' remaining contentions are without merit (*see People v Lewis*, 5 NY3d 546, 552 n 7 [2005]; *People v Gaines*, 74 NY2d 358, 362 n 1 [1989]; *People v Barnes*, 50 NY2d 375, 379 n 3 [1980]; *People v Moore*, 303 AD2d 691, 692 [2003]; Penal Law § 140.25 [1] [a]). Mastro, J.P., Florio, Belen and Roman, JJ., concur. **[Prior Case History: 22 Misc 3d 1117(A), 2009 NY Slip Op 50170(U).]**