*388 OPINION OF THE COURT
Joseph Kevin McKay, J.
Defendant’s written CPL 330.30 (1) application to set aside one count of the jury trial verdict which convicted him of criminal mischief in the fourth degree (Penal Law § 145.00 [4]) was granted by this court, over the People’s written and oral opposition, on the record in open court on February 10, 2012.[1] This written decision now expounds in greater detail upon this court’s determination of defendant’s 330.30 motion, which appears to raise an issue of first impression.
The novel issue in this case is whether the evidence adduced at trial was legally sufficient[2] to establish the necessary elements of criminal mischief in the fourth degree (Penal Law § 145.00 [4]). The statute requires that defendant intentionally disable or remove telephonic equipment while the complaining witness was attempting to call 911, in an effort to seek emergency assistance from the police during an alleged domestic violence assault upon her. I conclude that the trial evidence did not satisfy this statute.
The prosecutor’s information in this case accused defendant of assaulting his former girlfriend in the presence of their three children. The trial testimony established that during the assault the victim attempted to call 911 for police assistance (using a landline telephone) and she made a very brief initial contact, but was then immediately thwarted by defendant, who bound the victim’s wrists with the telephone cord and then slammed the telephone on the victim’s hands/fingers as she tried again to dial 911. At some point, however, during the incident the abused victim was able to complete a 911 call using the same telephone.
The jury acquitted defendant of assault in the third degree but convicted him of attempted assault in the third degree, *389 three counts of endangering the welfare of a child and criminal mischief in the fourth degree under subdivision (4) of Penal Law § 145.00. It is that count which is the subject of defendant’s instant 330.30 motion.
Penal Law § 145.00 (4) specifically provides:
“With intent to prevent a person from communicating a request for emergency assistance, intentionally disables or removes telephonic, TTY or similar communication sending equipment while that person: (a) is attempting to seek or is engaged in the process of seeking emergency assistance from police, law enforcement, fire or emergency medical services personnel; or (b) is attempting to seek or is engaged in the process of seeking emergency assistance from another person or entity in order to protect himself, herself or a third person from imminent physical injury. The fact that the defendant has an ownership interest in such equipment shall not be a defense to a charge pursuant to this subdivision.” (Emphasis added.)
There do not appear to be any published New York appellate or trial court decisions addressing the application of subdivision (4), but the Practice Commentary by the Honorable William C. Donnino is very instructive. (See Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 145.00, at 192-193.) According to the Commentary, as well as the legislative history, the Legislature added subdivision (4) to the criminal mischief in the fourth degree statute in 2008 in order to address the troubling incidents in which a telephone or other communication equipment was disabled or removed by the perpetrator of domestic violence or elder abuse while the victim attempted to obtain emergency assistance. Judge Donnino astutely states that “[g]iven the purpose of the legislation, using the criminal mischief statute as the template for this crime was not the best choice.” (Id. at 192.) He notes that, unlike the other subdivisions of New York’s criminal mischief statute, subdivision (4) does not require that the telephonic equipment be damaged but rather it limits the proscribed conduct to the disabling or removal of the equipment, which can be done with or without damage to that equipment. Judge Donnino further notes that the Governor, in approving this legislation in question, stated:
“Although this is a laudable step, an abuser can keep a victim from making or completing a call by *390 means other than disabling or removing telephone equipment. For example, if the abuser physically restrains the victim from using the telephone, or simply hangs up the telephone without damaging the equipment, that is an equally blameworthy and harmful act, and should be subject to the same punishment. Approval Memorandum No. 7.” (Id.)
The court is not unsympathetic to the People’s arguments regarding the spirit and underlying intention of the statute, but nevertheless I must conclude that the way subdivision (4) is presently drafted the defendant’s chilling actions in this case neither resulted in the removal nor the disabling of the victim’s telephone.[3] Although numerous situations can be envisioned in which the statute can be violated (e.g., cutting the cord, removing cellular phone batteries, breaking the phone or just removing it from the victim’s access, to name a few) the intentional act of binding the victim’s hands disabled the victim herself but did not disable the telephone itself, which remained in working order so that the victim was eventually able to summon the police for help with the same equipment. Furthermore, slamming the victim’s hands with the telephone did not disable the telephone either. What defendant did in this case was temporarily impede the victim’s successful use of the functioning telephone. However, until and unless subdivision (4) is amended by the Legislature to cover general hindering conduct, I am constrained to hold that defendant’s repugnant conduct does not constitute criminal mischief in the fourth degree under Penal Law § 145.00 (4). Accordingly, defendant’s CPL 330.30 (1) application to set aside the criminal mischief guilty verdict is granted and that count is dismissed.

. The court issued a short form order on that date granting the motion, and the court proceeded to sentence defendant on the remaining guilty verdict counts.

. The court recognizes that in deciding a CPL 330.30 (1) motion a trial court, unlike an appellate court, is limited to determining whether the trial evidence was legally sufficient to support the verdict and not whether such verdict is against the weight of the evidence. (See People v Ventura, 66 NY2d 693 [1985]; People v Carter, 63 NY2d 530, 536-537 [1984]; People v Bridges, 16 AD3d 911 [3d Dept 2005], lv denied 4 NY3d 884 [2005].) Moreover, a 330.30 trial court may consider questions, not of fact, but only of law, which raise claims of error which are properly preserved for appeal. (See People v Simmons, 74 AD3d 1247 [2d Dept 2010], lv denied 15 NY3d 855 [2010].) In this case the issue in question was preserved at trial.

. The court notes that “[w]ords of ordinary import used in a statute are to be given their usual and commonly understood meaning, unless it is plain from the statute that a different meaning is intended.” (See McKinney’s Cons Laws of NY, Book 1, Statutes § 232.) Moreover, “[dictionary definitions may be useful as guide posts in determining the sense with which a word was used in a statute, but they are not controlling.” (See McKinney’s Cons Laws of NY, Book 1, Statutes § 234.)