■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMAL MCFADDEN, Respondent. [942 NYS2d 811]—Appeal by the People from an amended order of the Supreme Court, Kings County (Mangano, Jr., J.), dated January 21, 2011, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict convicting him of criminal possession of a weapon in the second degree and to dismiss that count of the indictment.

Ordered that the amended order is affirmed.

In considering a motion to set aside or modify a jury verdict pursuant to CPL 330.30 (1), a trial court may only consider questions of law, not fact (*see People v Ventura*, 66 NY2d 693, 694-695 [1985]; *People v Carter*, 63 NY2d 530, 536 [1984]; *People v Simmons*, 74 AD3d 1247, 1248 [2010]; *People v Sadowski*, 173 AD2d 873, 873-874 [1991]). Moreover, a court may only consider claims of error which are properly preserved for appellate review (*see People v Simmons*, 74 AD3d at 1248; *People v Silas*, 308 AD2d 465, 466 [2003]; *People v Sadowski*, 173 AD2d at 874).

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence was preserved for

appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). Further, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3). Penal Law § 265.03 (3) provides that a "person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm" outside of his or her "home or place of business." The Penal Law defines a "[l]oaded firearm" as "any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00 [15]). "In order to support a conviction for criminal possession of a weapon in the second degree, which requires a 'loaded firearm,' the People must prove that both the firearm and the ammunition were operable" (*People v Aguilar*, 202 AD2d 512, 513 [1994] [citation omitted]; *see People v Cavines*, 70 NY2d 882 [1987]; *People v Shaffer*, 66 NY2d 663, 664 [1985]; *People v Mathieu*, 83 AD3d 735, 736 [2011]). Here, the evidence was legally insufficient to prove that the defendant possessed a "loaded firearm" (*cf. People v Harris*, 305 AD2d 614, 615 [2003]). Accordingly, the Supreme Court correctly granted the defendant's motion pursuant to CPL 330.30 (1) to set aside the jury verdict and to dismiss that count of the indictment. Rivera, J.P., Hall, Lott and Austin, JJ., concur.