■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KRYSTAL FRANCIS, Respondent. [979 NYS2d 687]—

Appeal by the People from an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated May 29, 2012, which granted that branch of the defendant's motion pursuant to CPL 330.30 (1) which was to set aside a jury verdict finding her guilty of aggravated unlicensed operation of a motor vehicle in the third degree, on the ground of legal insufficiency, and dismissed the indictment.

Ordered that the order is affirmed.

In considering a motion to set aside or modify a jury verdict pursuant to CPL 330.30 (1), a trial court may only consider questions of law, not fact (*see People v Ventura*, 66 NY2d 693, 694-695 [1985]; *People v Carter*, 63 NY2d 530, 536 [1984]; *People v McFadden*, 94 AD3d 1150, 1151 [2012]). Moreover, a court may only consider claims of error which are properly preserved for appellate review (*see People v McFadden*, 94 AD3d at 1151; *People v Simmons*, 74 AD3d 1247, 1248 [2010]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the Supreme Court correctly determined that it was legally insufficient to establish the defendant's guilt of aggravated unlicensed operation of a motor vehicle in the third degree pursuant to Vehicle and Traffic Law § 511 (1) (a). Vehicle and Traffic Law § 511 (1) (a) provides that a "person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner." In order to support a conviction of aggravated unlicensed operation of a motor vehicle in the third degree, the People must establish that the defendant knew or had reason to know that his or her driving privilege had been revoked, suspended, or otherwise withdrawn by the Commissioner of Motor Vehicles. Here, the evidence was legally insufficient to prove that the defendant knew or had reason to know that her license had been suspended.

The testimony on behalf of the People, given by an employee from the Kings County office of the New York State Department of Motor Vehicles (hereinafter the DMV), revealed that the employee had no personal knowledge of the procedures utilized by the Albany DMV office, which handled the mailing of the notices of impending and actual suspension of the defendant's license. Consequently, the People failed to present sufficient proof regarding the standard practice and procedure of the Albany DMV office that were designed to ensure that the suspension orders were properly addressed and mailed, did not establish that the suspension orders were mailed to the defendant, and, thus, failed to prove that the defendant knew, or had reason to know, that her license had been suspended (*see People v Pacer*, 6 NY3d 504, 512 [2006]; *People v Wolters*, 41 AD3d 518, 519 [2007]; *People v Outram*, 22 Misc 3d 131[A], 2009 NY Slip Op 50162[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2009]).

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPL 330.30 (1) to set aside the jury verdict, and properly dismissed the indictment (*see* CPL 330.50 [1]; CPL 470.20 [2]). Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.