■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULRICK AUGUSTIN, Appellant. [782 NYS2d 718]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered September 24, 2001, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a forged instrument in the second degree, and sentencing him to concurrent terms of 3 to 9 years and 1 to 3 years, respectively, unanimously modified, on the law, to the extent of vacating the forged instrument conviction and dismissing that count of the indictment, and otherwise affirmed.

Since defendant's challenge to the court's inclusion of the concept of provocation (Penal Law § 35.15 [1] [a]) in its justification charge was made on different grounds from those raised on appeal, his present argument is unpreserved (*see People v*

*Graves,* 85 NY2d 1024, 1026-1027 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that although the provocation theory was not applicable to the facts of the case, its inclusion in the court's otherwise correct charge was essentially surplusage that could not have affected the verdict or caused defendant any prejudice, given the evidence presented at trial (*People v Grega,* 72 NY2d 489, 496-497 [1988]; *People v Wise,* 251 AD2d 253 [1998], *lv denied* 92 NY2d 908 [1998]).

As the People concede, the evidence was legally insufficient to support the forged instrument conviction, because even though the document in question bore defendant's assumed name, it was a genuine driver's license that did not qualify as a forgery within the meaning of Penal Law § 170.00 (*see People v Asaro,* 94 NY2d 792 [1999]). Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.