■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CATMON, Also Known as JASON CATMAN, Appellant. [33 NYS3d 720]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered January 16, 2014, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and remanding for resentencing, and otherwise affirmed.

The court incorrectly adjudicated defendant a second felony offender based on a conviction under a Florida statute that is broader than its New York counterpart for enhanced sentencing purposes (*see generally People v Jurgins*, 26 NY3d 607, 613-615 [2015]). Florida Statutes Annotated § 831.02 is broader than Penal Law § 170.25 because the Florida statute could be violated by uttering or publishing an instrument that merely contained false information, while under the New York statute an instrument is only considered forged if it is falsely made, completed or altered; a genuine instrument containing false information does not suffice (*see People v Asaro*, 94 NY2d 792 [1999]). Moreover, at the sentencing proceeding the People conceded that the Florida statute was broader than the New York counterpart, but argued that the conviction qualified as a predicate felony on other grounds, which were without merit. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.