The People of the State of New York, Respondent, 
against
Guillermo Bermudez, Appellant.




Appellate Advocates (Michael Arthus of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Thomas M. Ross and Alex Castro of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered July 6, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the third degree, menacing in the third degree, and harassment in the second degree.




ORDERED that the judgment of conviction is modified, on the law, by reducing defendant's conviction of assault in the third degree to attempted assault in the third degree and vacating the sentence imposed thereon; as so modified, the judgment of conviction is affirmed and the matter is remitted to the Criminal Court for the imposition of an authorized sentence.
Insofar as is relevant to this appeal, following a jury trial, defendant was convicted of assault in the third degree (Penal Law § 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). 
On appeal, defendant contends, among other things, that the evidence was legally insufficient to support his conviction of assault in the third degree because the People failed to prove the element of physical injury, and that he was denied his right to due process because the Criminal Court refused to provide the jury with a justification charge.
Defendant's challenge to the Criminal Court's refusal to provide the jury with a justification charge is unpreserved for appellate review since defendant's appellate contention is based on different grounds than were presented to the Criminal Court (see People v Graves, 85 NY2d 1024, 1026-1027 [1995]; People v Prince, 136 AD3d 844 [2016]; People v Augustin, 11 AD3d 290 [2004]), and we decline to review the contention in the interest of justice. 
Although defendant was one of three defendants named in the accusatory instrument, the People, during their opening statement, limited their theory of the case to defendant's acts alone, [*2]and the Criminal Court denied the People's subsequent request to charge the jury with acting in concert. Consequently, our review of the legal sufficiency of the evidence is limited to defendant's acts and we do not consider the acts of his co-defendants.
To establish defendant's guilt of assault in the third degree, the People had to prove, beyond a reasonable doubt, that defendant, with the intent to cause physical injury to the complainant, caused such injury to the complainant (Penal Law 120.00 [1]). Physical injury is defined as the "impairment of physical condition or substantial pain" (Penal Law 10.00 [9]). We agree with defendant that the evidence was not legally sufficient to establish his guilt of assault in the third degree since it did not establish that the complainant had suffered a "physical impairment" (People v McDowell, 28 NY2d 373 [1971]) or "substantial pain" (Matter of Philip A., 49 NY2d 198, 200 [1980]; see also People v Chiddick, 8 NY3d 445, 447 [2007]; People v Cheeks, 161 AD2d 657 [1990]) due to defendant's acts of causing the complainant to fall to the floor, placing the complainant in a choke hold and punching the complainant in the chest. Although the complainant also testified that he was kicked in the leg, his testimony did not clearly specify that it was defendant who had kicked him in the leg. The evidence, however, was legally sufficient to establish defendant's guilt of the lesser-included offense of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]; see CPL 470.15 [2] [a]; People v Philips, 120 AD3d 1266, 1268 [2014]; People v Mighty, 109 AD3d 841 [2013]; People v Woodford, 259 AD2d 717 [1999]). Therefore, defendant's conviction of assault in the third degree is reduced to attempted assault in the third degree. Moreover, even though defendant has already served the maximum sentence that could be imposed for attempted assault in the third degree, the matter is remitted to the Criminal Court for the imposition of an authorized sentence thereon (see People v Philips, 120 AD3d at 1268; People v Mighty, 109 AD3d at 841). 
Defendant's remaining contentions lack merit.
Accordingly, the judgment of conviction is modified by reducing defendant's conviction of assault in the third degree to attempted assault in the third degree and vacating the sentence imposed thereon, and the matter is remitted to the Criminal Court for the imposition of an authorized sentence. 
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018