People v Pilatasig (2021 NY Slip Op 50125(U))

[*1]

People v Pilatasig (Victor)

2021 NY Slip Op 50125(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-430 Q CR

The People of the State of New York,
Respondent,
against
Victor Alfonso Pilatasig, Appellant. 

Stephen L. Drummond, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Katherine A. Triffon
of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Althea Drysdale, J.), rendered January 9, 2018. The judgment convicted defendant, upon a jury
verdict, of common-law driving while intoxicated, driving while intoxicated per se, aggravated
unlicensed operation of a motor vehicle in the third degree and unlicensed operation of a motor
vehicle, and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law, by vacating the
conviction of aggravated unlicensed operation of a motor vehicle in the third degree, and
dismissing that count of the accusatory instrument; as so modified, the judgment of conviction is
affirmed.
Insofar as is relevant to this appeal, defendant was charged in an accusatory instrument with
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while
intoxicated per se (Vehicle and Traffic Law § 1192 [2]), aggravated unlicensed operation of
a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and unlicensed
operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). Following a combined
hearing, the Criminal Court (Karen Gopee, J.) granted "defendant's motion to preclude testimony
at trial regarding . . . point-out identification" of defendant on the ground that the People had not
provided defendant with a CPL 710.30 identification notice. Thereafter, a jury trial was held
following which defendant was convicted of the aforementioned charges. On appeal, defendant
contends that the judgment of conviction must be reversed because, among other reasons, (1) the
People failed to establish that he had operated the vehicle, and his admission of driving was not
corroborated as required by CPL 60.50; (2) the People failed to establish that he knew, or had
reason to know, about the suspension of his driver's license; (3) various acts by the prosecutor
deprived him of his right to due process and a fair trial; and (4) he received the ineffective
assistance of counsel.
It is well settled that there is no requirement that a defendant be observed operating a motor
vehicle; rather, operation can be established by circumstantial evidence (see People v Cardillo, 64 Misc 3d
25, 26-27 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). In the case at bar, a police
officer observed defendant standing next to a white Saturn automobile which was unoccupied
and parked at an angle in the street. The officer testified that, in her opinion, the [*2]Saturn had been involved in an accident with a parked BMW
vehicle. Defendant informed the officer that he had been driving the Saturn, which was registered
to a person living at the same address as defendant, but that he had not hit the BMW. The officer
further testified that defendant exhibited signs of intoxication. The foregoing evidence was
sufficient to satisfy the corroboration requirement of CPL 60.50 (see People v Booden, 69
NY2d 185 [1987]; People v
Beauzyl, 56 Misc 3d 141[A], 2017 NY Slip Op 51118[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]; People v
Youmans, 34 Misc 3d 143[A], 2012 NY Slip Op 50098[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2012]). Consequently, there is no merit to defendant's argument that the
People did not establish the element of operation.
In order for a defendant to be found guilty of aggravated unlicensed operation of a motor
vehicle in the third degree, the People have to prove, beyond a reasonable doubt, that the
defendant operated a motor vehicle on a public highway while knowing, or having reason to
know, that his license or privilege of operating such a vehicle in New York State, or his privilege
of obtaining a license to operate such vehicle issued by the commissioner of the Department of
Motor Vehicles (DMV), is suspended, revoked or otherwise withdrawn by the commissioner
(see Vehicle and Traffic Law § 511 [1] [a]; People v Pacer, 6 NY3d 504, 508 and n 1 [2006]). At trial, the
People sought to have an affidavit of mailing admitted into evidence in order to establish that the
notice of suspension of defendant's driver's license was mailed to defendant in December 2015,
and that, therefore, defendant knew, or had reason to know, that his driver's license had been
suspended. Generally, the receipt of a suspension notice from the DMV suffices to provide notice
to the recipient of its contents. Moreover, "proof of proper mailing gives rise to a presumption
that the item was received by the addressee," which presumption is created "by either proof of
actual mailing or proof of a standard office practice or procedure designed to ensure that items
are properly addressed and mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286
AD2d 679, 680 [2001]; see also People
v Flores, 62 Misc 3d 46, 56 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Rhodes, 47 Misc 3d
151[A], 2015 NY Slip Op 50794[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2015]; People v Maldonado,
42 Misc 3d 81, 86 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Outram, 22 Misc 3d
131[A], 2009 NY Slip Op 50162[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2009]). 
The contents of an affidavit of mailing regarding the DMV's mailing practices of suspension
notices, and whether those practices were followed in defendant's case, amounts to "a direct
accusation of an essential element of the crime"; it is accusatory hearsay, and is not admissible as
a business record (People v Pacer, 6 NY3d at 510). The Confrontation Clause requires
that these matters be established by a witness amenable to cross-examination (see People v
Pacer, 6 NY3d at 512). Pursuant to Crawford v Washington (541 US 36, 53-54
[2004]), such an affidavit is testimonial in nature and, therefore, cannot be admitted into
evidence pursuant to Vehicle and Traffic Law § 214 without violating a defendant's Sixth
Amendment right to confrontation (see People v Pacer, 6 NY3d at 509-510).
Nevertheless, mailing of a suspension notice can be established by a witness's testimony, based
on personal knowledge, of the DMV's mailing practices and procedures at the time the
suspension notice is alleged to have been mailed because such testimony permits meaningful
cross-examination as to the nature of those procedures and whether they were actually followed
(see e.g. People v Francis, 114
AD3d 699, 700 [2014]). Here, the People's DMV witness provided no testimony regarding
the DMV's standard office practices and procedures for mailing suspension notices.
Consequently, the People failed to establish that defendant knew, or had reason to know, that his
license had been suspended, and, thus, the evidence was legally insufficient to establish
defendant's guilt, beyond a reasonable doubt, of aggravated unlicensed operation of a motor
vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). 
Defendant argues on appeal that his Sixth Amendment right to confrontation was violated
because the People improperly elicited evidence of his identification which violated the hearing
court's order that precluded testimony regarding the point-out identification. We disagree. At
[*3]trial, the police officer testified that, once she arrived at the
scene, she "approached the white Saturn ... [alongside] which was standing . . . the person that
was driving the white Saturn." Defense counsel objected, which objection the Criminal Court
overruled. The officer then testified that she spoke to an eyewitness after which she arrested
defendant. The officer did not violate the hearing court's order, as she provided no testimony
regarding a point-out identification by the eyewitness and did not testify regarding what the
eyewitness said to her.
Viewing the foregoing evidence in the light most favorable to the People (see People v
Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's
favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was
legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of common-law
driving while intoxicated, driving while intoxicated per se, and unlicensed operation of a motor
vehicle.
Defendant's arguments that the acts by the Criminal Court and the prosecutor deprived him
of due process and a fair trial, are made for the first time on appeal and, therefore, are
unpreserved for appellate review (see CPL 470.05), and we decline to address them in the
interest of justice. Furthermore, upon a review of the record, we find that defendant received the
effective assistance of counsel under the federal and state standards (see Strickland v
Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713-714
[1998]). Defendant's remaining contentions lack merit or error, if any, was harmless (see
People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Accordingly, the judgment of conviction is modified by vacating the conviction of
aggravated unlicensed operation of a motor vehicle in the third degree and dismissing that count
of the accusatory instrument.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021