People v Searles (2022 NY Slip Op 22201)

People v Searles

2022 NY Slip Op 22201 [76 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 14, 2022

[*1]

The People of the State of New York, Respondent,
v
Antonio Searles, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, June 17, 2022

APPEARANCES OF COUNSEL

Appellate Advocates (Sarah B. Cohen of counsel) for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Gamaliel Marrero and Jason Eldridge of counsel), for respondent.

{**76 Misc 3d at 3} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, on the law, the fines, if paid, are remitted, and the accusatory instrument is dismissed.
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and seven counts of attempted criminal possession of a forged instrument in the third degree (Penal Law §§ 110.00, 170.20), and was sentenced. The accusatory instrument alleged that, on August 16, 2017, defendant was driving a vehicle in New York while his New York State driving privilege had been suspended, and he was in possession of a forged Pennsylvania driver's license; and that, on August 17, 2017, defendant was in possession of six forged credit cards. On appeal, defendant contends, among other things, that the evidence was legally insufficient to support his conviction. We agree.
In order for defendant to have been found guilty of aggravated unlicensed operation of a motor vehicle in the third degree, the People had to prove, beyond a reasonable doubt,{**76 Misc 3d at 4} that defendant operated a motor vehicle on a public highway in New York State while knowing, or having reason to know, that his license to operate such a vehicle in New York had been suspended (see Vehicle and Traffic Law § 511 [1] [a]; People v Pacer, 6 NY3d 504, 508 and n 1[*2][2006]). Generally, the receipt of a suspension notice from the Department of Motor Vehicles (DMV) suffices to provide notice to the recipient of the suspension, and "proof of proper mailing gives rise to a presumption that the item was received by the addressee," which presumption is created "by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]; People v Pilatasig, 70 Misc 3d 140[A], 2021 NY Slip Op 50125[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Rhodes, 47 Misc 3d 151[A], 2015 NY Slip Op 50794[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Maldonado, 42 Misc 3d 81, 86 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Outram, 22 Misc 3d 131[A], 2009 NY Slip Op 50162[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Although the Confrontation Clause requires that mailing be established by a witness amenable to cross-examination (see Pacer, 6 NY3d at 512), the mailing of a suspension notice can be established by a witness's testimony, based on personal knowledge, of the DMV's mailing practices and procedures at the time the suspension notice is alleged to have been mailed, because such testimony permits meaningful cross-examination as to the nature of those procedures and whether they were actually followed (see e.g. People v Francis, 114 AD3d 699, 700 [2014]).
[1] In order to establish that defendant herein knew, or had reason to know, that his driving privileges had been suspended, the People entered a "Driver Responsibility Assessment Statement," dated May 9, 2017, into evidence, which was allegedly mailed from the Albany DMV office to defendant at a Brooklyn address, and states that the failure to pay the assessment by June 8, 2017, "will result in your New York driver's license privilege to obtain a New York State driver's license, and/or privilege to drive in New York State being SUSPENDED." This statement is not a suspension notice which unequivocally informs a motorist of the date of suspension. In any event, the DMV witness provided no testimony regarding the DMV's standard practices and procedures for the mailing of suspension notices or assessment statements.{**76 Misc 3d at 5}
With respect to defendant's conviction of seven counts of attempted criminal possession of a forged instrument in the third degree, a "person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Penal Law § 170.20, "Criminal possession of a forged instrument in the third degree," provides that "[a] person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument." A "forged instrument" "means a written instrument which has been falsely made, completed or altered" (Penal Law § 170.00 [7]). The evidence adduced at trial showed that the Pennsylvania driver's license which defendant presented to the arresting officer depicted defendant's photograph, but had a different name and birth date from defendant's. Moreover, the arresting officer concluded that the six credit cards, which were recovered from the inside of defendant's vehicle, were forged because a bin reader did not display the names on the cards along with the account numbers.
[2] With respect to the Pennsylvania driver's license, it is well settled that a genuine [*3]instrument which contains false information is not a forged instrument (see e.g. People v Asaro, 94 NY2d 792, 793 [1999]; People v Briggins, 50 NY2d 302 [1980]; People v Catmon, 140 AD3d 661 [2016]; People v Augustin, 11 AD3d 290 [2004]; People v Cannarozzo, 62 AD2d 503, 507 [1978], affd for reasons stated below 48 NY2d 687 [1979]). Despite the arresting officer's testimony as to why he thought that the Pennsylvania driver's license was forged, the People presented no evidence from anyone with personal knowledge of the authenticity of Pennsylvania driver's licenses that showed that the license was not genuine, despite the fact that it contained a name and birth date that were not defendant's, or that the license was otherwise falsely made, completed or altered.
With respect to the credit cards, the People, likewise, offered no testimony from a person affiliated with Discover Card, the purported issuer of the cards, to provide evidence of the lack of authenticity of the cards; rather they presented testimony from the arresting officer who concluded that the cards were forged based upon the information displayed on a bin reader. However, in order for evidence provided by a bin reader to be admissible at trial, a foundation had to have been laid to establish "the {**76 Misc 3d at 6}device's reliability and accuracy through testimony demonstrating that the device, similar to the credit card readers used in stores, had been used on many prior occasions" (People v Keita, 162 AD3d 610, 611 [2018]), which was not done in the case at bar. The People presented no other evidence to show that the credit cards were falsely made, completed or altered. Notwithstanding that the People failed to establish that the driver's license and the credit cards were forged, attempted criminal possession could have been established if it was shown that defendant merely believed that the driver's license and/or credit cards were forgeries (see e.g. People v Zaborski, 59 NY2d 863, 865 [1983]). However, no such evidence was provided herein.
Consequently, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of the count of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and of the seven counts of attempted criminal possession of a forged instrument in the third degree (Penal Law §§ 110.00, 170.20). Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Aliotta, P.J., Toussaint and Golia, JJ., concur.