People v Palma (2024 NY Slip Op 51304(U))

[*1]

People v Palma

2024 NY Slip Op 51304(U)

Decided on September 18, 2024

Justice Court Of The Town Of Clarkstown, Rockland County

Bongiorno, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2024
Justice Court of the Town of Clarkstown, Rockland County

The People of the State of New York,

against
Franklin Palma, Defendant.

Docket No. 23070066

For the People: Thomas E. Walsh II, District Attorney of Rockland County (by ADA Katherine Crispi)
For Mr. Palma: James D. Licata, Rockland County Public Defender (by Samuel Coe, Esq.)

Michael E. Bongiorno, J.

Defendant is charged with aggravated unlicensed operation of a motor vehicle in the third degree ("AUO 3"- VTL § 511 [1][a]), an unclassified misdemeanor, two counts of operating a motor vehicle while under the influence of alcohol, also unclassified misdemeanors (VTL §§ 1192.2 and 1192.3), and numerous traffic infractions. The AUO 3 charge was contained in a misdemeanor complaint; the other charges were filed in separate simplified traffic informations. By Motion to Dismiss, dated April 19, 2024, Defendant challenges the People's Certificate of Compliance ("COC") and Statement of Readiness ("SOR"), and seeks dismissal for deprivation of his right to a speedy trial pursuant to CPL § 30.30. The People oppose the motion, filing a Response dated May 29, 2024. After those submissions the Court conducted oral argument supplemented by additional written submissions. 
For the reasons set forth, the motion to invalidate the People's COC is Granted, and the motion to dismiss the charges is Granted.
PROCEDURAL HISTORY
Defendant was arrested on June 25, 2023, and charged with aggravated operation of a motor vehicle in the first degree ("AUO 1" — VTL § 511 [3][a][i]), a class "E" felony, two counts of operating a motor vehicle while under the influence of alcohol (VTL §§ 1192.2 and 1192.3), unclassified misdemeanors, and numerous traffic infractions. By way of appearance ticket, Defendant's arraignment was scheduled for July 11, 2023. Defendant failed to appear on that day and the Court adjourned the case to July 24, 2023, for arraignment. The Court arraigned Defendant on July 24, 2023, and adjourned the case at the People's request to August 21, 2023, for felony investigation. The Court then adjourned the case, all at the People's request, to [*2]September 20, 2023, October 18, 2023, November 14, 2023, and December 11, 2023, all for felony investigation. On December 11, 2023, the Court, at the People's request reduced the AUO 1 felony charge to AUO 3 and adjourned the case to January 8, 2024, for the People to provided required discovery to Defendant and file a COC. On January 8, 2024, the Court adjourned the case to February 5, 2024, once again, for the People to provide discovery and file a COC.
On January 23, 2024, one day short of the six-month speedy trial deadline of CPL § 30.30 (1)(a), the People filed a COC and SOR. On February 5, 2024, Defendant, during a CPL § 30.30 (5) readiness inquiry, raised numerous oral challenges to the People's COC. The Court directed Defendant to put their challenges in writing by February 12, 2024, with the People to respond by February 26, 2024. The case was adjourned to April 1, 2024. Defendant filed a letter containing written objections on February 13, 2024. The People did not file a written response. On April 1, 2024, the Court set a motion schedule with Defense motions due by April 22, 2024, the People respond by May 13, 2024, and the Defense to file a Reply by May 20, 2024. On April 19, 2024, Defendant filed a motion to invalidate the People's COC and to dismiss on speedy trial grounds. The People did not file Response by May 13, 2024, and on May 16, 2024, requested additional time to respond, which the Court granted. The People filed a Response on May 29, 2024. Defendant did not file a Reply.
On May 29, 2024, the Court ordered oral argument on Defendant's Motion, which took place on July 26, 2024. Prior to the oral argument, the Court provided both parties with a list of issue and questions to be addressed, along with a request for specific documents. Following the oral argument, the Court provided both parties an opportunity to submit additional written arguments, which both sides did, and the Court adjourned the case to September 18, 2024, for decision.
Defendant raised numerous challenges, including: (1) the People's SOR was illusory independent of any discovery/COC consideration; (2) the People's SOR was illusory because their COC was invalid for failure to exercise due diligence and make reasonable inquiries to obtain and provide mandatory discovery; and (3) the People's SOR was illusory and invalid because when the People answered ready for trial while the AUO 3 charge was an uncorroborated misdemeanor complaint. The written submissions and oral argument narrowed the pertinent discovery issues to: (1) the failure of the People to provide a copy of Defendant's Department of Motor Vehicle ("DMV") driver abstract and notices of suspension; (2) failure to provide certain reports and documents relating to the repair and maintenance of the breath test machine; (3) CPL § 240.25 (1)(k) impeachment material for non-testifying police officers; and (4) a general objections to the People not disclosing "police reports."[FN1]

VALIDITY OF THE PEOPLE'S STATEMENT OF READINESS
A. The People's Statement of Readiness Independent of Discovery/COC Considerations
When the People answered ready for trial on January 23, 2024, they did so as to all charges then pending, including the just reduced AUO 3 charge. The Court finds the SOR to be illusory and invalid because the People were in no position to present and prove the AUO 3 [*3]charge.
For Defendant to be found guilty of AUO 3, the People must prove beyond a reasonable doubt that Defendant operated a motor vehicle on a public highway in New York State while knowing, or having reason to know, that his license to operate a motor vehicle in New York had been suspended. VTL § 511 (1)(a). To establish Defendant's knowledge, the People are required to present evidence, generally in the form of DMV documentation and testimony from a DMV employee, that at the time he operated a motor vehicle his driver's license was suspended and that the DMV mailed him a notice(s) of the suspension. The proof of notice of suspension can be presented "by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed or mailed." People v. Searles, 76 Misc 3d 1 (App. Term, 2d Dept., 2, 11 & 13 Jud. Dist. 2022), People v. Pilatasig, 70 Misc 3d 140[A] (App. Term, 2d Dept., 2, 11 & 13 Jud. Dist. 2021). The Confrontation Clause requires that the mailing be established by a witness amenable to cross-examination. People v. Pacer, 6 NY3d 504, 508 (2006), Searles, supra; see also VTL § 214; People v. Carlsons, 171 Misc 2d 943 (Sup. Ct., Nassau Co. 1997).
At the time the People asserted their readiness they did not possess, and could not offer into evidence, documentary evidence critical to proving AUO 3, including Defendant's DMV driver's abstract and proof the DMV notified Defendant that his license had been suspended. Additionally, the People's COC does not list any DMV witness to testify to critical evidence that the DMV mailed a suspension notice to Defendant. The People also did not provide statement notice as to any inculpatory statement or admission of Defendant's knowledge of his suspension. In sum, the People answered ready for trial without any documentary or potential testimonial evidence establishing the essential AUO 3 mens rea element. Thus, the People's SOR was illusory and invalid. See People v. Thompson, 79 Misc 3d 127(A) (App. Term, 1st Dept. 2023).
Defendant has also raised the issue that when the People answered ready for trial and certified the legal sufficiency of the accusatory instruments on January 23, 2024, the SOR was illusory and invalid because the recently reduced and still pending AUO 3 charge was legally insufficient and uncorroborated—which it was in the absence of certified DMV records and supporting depositions.[FN2]
Defendant argues the SOR as to the remaining charges also must be invalidated because CPL § 30.30 (5-a) requires the People to certify the legal sufficiency of all counts in an accusatory instrument and that all charges are in compliance with the requirements of CPL §§ 100.15 and 100.40. Defendant further asserts the intent of the legislature in CPL § 30.30 (5-a) was to eliminate the previously accepted practice of "partial readiness" as to charges that were legally sufficient.
Whether that was the intent of the legislature or not, courts, including appellate courts whose rulings are binding on this court, have held otherwise. Where, as here, a defendant is charged with multiple local criminal court accusatory instruments, the fact that one accusatory instrument is later deemed to be facially insufficient does not render the People's SOR and CPL § 30.30 (5-a) statement with respect to any remaining facially sufficient accusatory instruments to which it refers legally insufficient. People v. Loonam, 79 Misc 3d 128(A) (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023); People v. Jamil, 83 Misc 3d 1279(A) (Dist. Ct., Nassau Co. [*4]2024); see also People v. Robinson, 83 Misc 3d 129(A) (2, 11, & 13 Jud. Dist. 2024); People v. Williams, 83 Misc 3d 21 (App. Term, 2d Dept., 2, 11 & 13 Jud. Dist. 2024) (even if one count of an accusatory instrument is facially insufficient, SOR not rendered invalid as to facially sufficient counts absent basis to believe the People acted in bad faith).
B. Validity of the People's Certificate of Compliance and Statement of Readiness
Under CPL § 245.20 (1), "the prosecution shall disclose to defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to" the items listed in CPL § 245.20 (1)(a)-(u). All items and information related to the prosecution in the possession of any New York state or local police or law enforcement agency shall be deemed in possession of the prosecution. CPL § 245.20 (2). Additionally, the prosecution must "ensure that a flow of information is maintained between the police and other investigative personnel and his or her office 
...." CPL § 245.55 (1).
Unless the Court makes an "individualized finding of special circumstances"[FN3]
the People shall not be deemed ready for trial until they have filed a proper COC pursuant to CPL § 245.50 (1). People v. Bay, 41 NY2d 200, 209-210 (2023); CPL § 245.50 (3). Under CPL § 245.50 (1), the key question in determining if the People filed a proper and valid COC is whether the prosecution has "exercise[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of information subject to discovery." CPL § 245.50 (1); Bay, 41 NY2d at 211; see also CPL § 245.20 (2). "Due diligence" is a flexible standard that requires the People "to make reasonable efforts" to comply with the statutory directives. Bay, Id. "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 212. The People must exercise due diligence and make reasonable inquiries prior to filing a COC and SOR. Although belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper, post-filing disclosure and a Supplemental Certificate of Compliance ("SCOC") cannot compensate for a failure to exercise diligence before the initial COC is filed. Id. Should a defendant challenge the validity of a COC and SOR, the People bear the burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. Id. at 213; People v. Guzman, 75 Misc 3d 132(A) (App. Term, 2d Dept. 9 & 10 Jud. Dist. 2022).
The defense must "notify or alert" the prosecution "as soon as practicable" of any defects or deficiencies relating to the COC, and any challenges relating to the sufficiency of the COC or SCOC shall be addressed by motion. CPL § 245.50 (4). Both parties are also required to "diligently confer" to resolve any dispute concerning discovery. CPL § 245.35 (1).
(1) DMV Records: Driver's Abstract and Notice of Suspension
There is no dispute that the prosecution did not provide Defendant with his DMV abstract [*5]and DMV notice(s) of suspension prior to filing the COC. The People finally provided the DMV abstract with its August 15, 2024, written submission following oral argument, more than one year after Defendant's July 24, 2023, arraignment. The People have not filed a SCOC regarding this late disclosure as required by CPL § 245.50 (1). CPL § 245.50 (1-a) requires that any SCOC detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the original COC. Where the People fail to detail in an SCOC or otherwise what their efforts were to obtain delayed or missing discovery material prior to filing a COC, their compliance burden, as articulated in Bay, is unmet and their COC/SCOC and associated SORs are illusory and invalid. People v. Wharton, — Misc 3d —, 2024 WL 4096829 (App. Term, 2d Dept, 2, 11 & 13 Jud. Dist. 2024) (COC improper where record bereft of information as to whether People, prior to filing COC, made reasonable inquiries and exercised due diligence for late disclosed discovery material); see also People v. Barrios, 82 Misc 3d 606 (Crim. Ct., Bronx. County 2024); see also People v. Shar, 82 Misc 3d 1251(A) (Crim. Ct, Richmond Co. 2024); People v. Mohammed, 82 Misc 3d 1209(A) (Dist. Ct., Nassau Co. 2024); People v. Hernandez, 81 Misc 3d 1201(A) (Crim. Ct., Bronx. County 2023). The People also failed to file an SCOC as to their August 5, 2024, disclosure of additional police impeachment material, thus making their prior COC, SOR, and SCOC/SOR illusory and invalid. Barrios, supra; People v. Markovtsii, 81 Misc 3d 225 (Crim. Ct., Kings Co. 2023).
Pursuant to CPL § 245.20 (2), the People were required to exercise due diligence and make reasonable inquiries to obtain Defendant's DMV driver's abstract and suspension notifications even though they were not in the People's possession. Bay, 41 NY3d at 211; People v. Walker, 228 AD3d 1318 (4th Dept. 2024) (remitted to trial court to determine if prosecution exercised due diligence and made reasonable inquiries to obtain refusal hearing transcript); People v. Foreman, 82 Misc 3d 1248(A) (Crim. Ct., Queens Co. 2024) (failure to obtain and disclose FDNY and EMS records and the efforts made to obtain them rendered COC invalid).
Here, the People have offered no written explanation for the late disclosure of the DMV records or explained what steps they took to obtain them, and when those steps were taken. At oral argument the prosecutor only stated the People had "issues" obtaining the driver's abstract but offered no explanation for their failure to obtain such a fundamental and obvious piece of evidence and to provide it to Defendant. The inability to explain this discovery lapse fails the due diligence test. People v. Luna, 211 N.Y.S.3d 734 (App. Term, 2d Dept., 9 & 11 Jud. Dist. 2024). DMV abstracts and other documentation are easily and readily available to law enforcement agencies and prosecutors' offices. The Court is also able to obtain driver's abstracts promptly upon request.[FN4]
The People have provided no explanation of when and how many times they asked the officer to obtain the abstract, how many times the officer requested the abstract, how he requested it, and what the DMV's response was to each of those requests. The prosecution also has not detailed any direct efforts it made to obtain Defendant's DMV records. Put simply, the People have not adequately explained why it took them over a year to obtain Defendant's DMV abstract. Additionally, to date the People still have not provided copies of Defendant's DMV suspension notification(s). Given these circumstances, and as set forth in further detail infra, the Court finds the People failed to exercise due diligence and make [*6]reasonable inquiries to obtain the DMV abstract and suspension notification(s), and their COC and SOR are invalid. Id.
(2) Breath Machine Documentation
Defendant insists that the People have not provided all the repair and maintenance records for the breath machine utilized in this case. He indicates that while the People have provided certain discovery related to the breath machine — one of which was a document indicating there was a failed weekly test and a request to repair the machine — the People have not provided any documentation regarding the nature of the repairs needed, when they were conducted, and any other documents or reports related to those repairs. The People respond that they provided all relevant breath machine documents via a January 17, 2024, discovery link download. That link contained the documents that alerted Defendant to the absence of repair records.
The People failed to directly address Defendant's insistence that the prosecution did not provide certain breath machine maintenance and repair records as mandated by CPL § 245.20 (1)(s). The People's responses fail to meet their burden of proof or convince the Court that all the breath machine maintenance and repair records had been disclosed prior to the filing of the COC or that they exercised requisite due diligence to obtain those records — or to determine that the records did not exist.
(3) Impeachment Material for Non-Testifying Police Officers
Pursuant to CPL 245.20 (1)(k), Defendant claims he is entitled to disciplinary records and other potential impeachment material (often referred to as "Giglio"[FN5]
material) for non-testifying police officers. The Court adheres to the view that the prosecution is not required under CPL § 245.20 (1)(k) to obtain and disclose disciplinary records and other potential impeachment material for non-testifying police officers. People v. Cooperman, 225 AD3d 1216 (4th Dept. 2024); People v. Bienaime, 83 Misc 3d 1265(A) (Crim. Ct., Kings County 2024). The Court also rejects the invitation of the defense to extend the People's obligation to provided Giglio material to non-testifying officers, especially since there is no claim or indication any non-testifying officer had a substantial connection to this case. People v. Ferron, 83 Misc 3d 1203(A) (Crim. Ct, Bronx County 2024). The Court also declines to invalidate the COC on the basis that the People did not supply impeachment materials for non-testifying officers given the confusion caused by contradictory and inconsistent court rulings. People v. Earl, — Misc 3d —, 2024 WL 4097245 (App. Term, 2d Dept. 2, 11 & 13 Jud. Dist. 2024); People v. Jawad, — Misc 3d —, 2024 WL 4096833 (App. Term, 2d Dept., 2, 11 & 13 Jud. Dist. 2024).
(4) Police Reports
Defendant also claims, generally, that the People failed to provide "police reports," without specifying which if any reports. The People respond that they provided all relevant police reports. Given these circumstances, the Court credits the People's assertion that they have supplied all discoverable police reports.
[*7](5) Due Diligence
When considering all the prosecution's discovery lapses, and considering all the factors set forth in Bay, the Court finds the People failed to exercise due diligence and make reasonable inquiries prior to filing their initial COC. This was a simple case with a short investigation that produced a limited and manageable quantity of discoverable material. The lack of effort and inability to obtain essential DMV records in a case where the top count was a felony AUO 1 charge is inexplicable. The People offered no creditable explanation for their failure to obtain and disclose essential DMV documents, or why it took over a year to obtain and disclose Defendant's driver's abstract. Even after being advised on February 5, 2024, of the absence of DMV records, Defendant's driver's abstract was not provided until August 15, 2024. Defendant's DMV suspension notices have never been provided. The People's disclosure of various other discovery materials is, under the circumstances of this case, insufficient to establish that they exercised due diligence and made reasonable inquiries to identify mandatory discovery items. People v. Mitchell, 228 AD3d 1250, 1257 (4th Dept. 2024). The DMV records and breath machine repair records—routinely produced discovery materials—were critical to the underlying case and the case could not be successfully prosecuted or tried without them. The failure to produce them would have been readily apparent to a prosecutor exercising due diligence, and the failure of the prosecution to recognize this constitutes a lack of due diligence. Id.
Additionally, CPL § 245.20 (1)(a)(ii) required the People to disclose all discoverable material within 35 days of Defendant's July 24, 2023, arraignment,[FN6]
or by August 28, 2023. Even if the discovery material in this case were to be considered voluminous staying the 35-day period for an additional 30 days—and here, as previously stated, the discoverable material was not voluminous—the People would still be required to provide all discoverable material by September 27, 2023. The People did not move the Court for an extension of time as permitted by CPL § 245.10 (1)(a)(iv)(B) or to alter or modify the period for discovery as provided for in CPL § 245.70 (2).
Here, as set forth in their COC, the People provided a "discovery package" containing police reports via a discovery link on December 6, 2023. On January 17, 2024, just a week before expiration of the 6-month speedy trial clock, the People provided substantial additional discovery information via the discovery link, including breath machine documents and Giglio material for testifying police officers. The People provided these routine materials well beyond the discovery law deadline.
In view of the foregoing, the People failed to establish they exercised due diligence and made reasonable inquiries before filing their COC and, consequently, the People's COC is invalid and SOR is illusory and invalid.

SPEEDY TRIAL CALCULATION
A defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on the failure of the People to timely comply with their discovery obligations as CPL § 30.30 requires dismissal if the People did not file a proper COC and the speedy trial period has run. Bay, 41 NY3d at 214; People v. Luna, supra. Once the defendant has alleged that more than the statutorily prescribed period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay. People v. Berkowitz, 50 NY2d 333, [*8]349 (1980).
This case commenced for speedy trial purposes when the Court arraigned Defendant on July 24, 2023, following the police issuing an appearance ticket at the time of his June 25, 2023, arrest. People v. Stirrup, 91 NY2d 434 (1998); CPL § 30.30 (7)(b). Pursuant to CPL § 30.30 (1)(a), since Defendant's top initial charge was felony AUO 1, the prosecution had to be ready for trial within six (6) months of commencement of the criminal action. See also CPL § 30.30 (7)(f). That six-month period expired on January 24, 2024, a period totaling 184 days.
Following Defendant's arraignment, the Court adjourned the case to August 21, 2023, September 20, 2023, October 18, 2023, November 14, 2023, and December 11, 2023, at the People's request all for felony investigation. On December 11, 2023, the Court, at the People's request, reduced the AUO 1 felony charge to AUO 3 and adjourned the case to January 8, 2024, for the People to provided required discovery to Defendant and file a COC. On January 8, 2024, the Court adjourned the case to February 5, 2024, once again for the People to provide discovery and file a COC. On January 23, 2024, one day short of the six-month speedy trial deadline of CPL § 30.30 (1)(a), the People filed a COC and SOR.
The People are charged with all speedy trial time from July 24, 2023, to January 23, 2024, a period of 183 days. If the People had filed a valid COC and SOR at that time, the speedy trial clock would have stopped. However, as set forth above, the People's COC was invalid and SOR illusory and invalid, and thus the speedy trial clock continued to run until the Court set a motion schedule on April 1, 2024.[FN7]
See CPL § 30.30 (4)(a). The People are chargeable with all time from July 24, 2023l to April 1, 2024, a period of 252 days, far more than the 184-day speedy trial limit. Consequently, Defendant's motion to dismiss is GRANTED and all charges are dismissed, including all traffic infractions. CPL § 30.30 (1)(e).
The foregoing constitutes the Decision and Order of the Court.
Dated: September 18, 2024
New City, New York
HON. MICHAEL E. BONGIORNO
Clarkstown Justice

Footnotes

Footnote 1:Defendant raised other discovery issues. However, considering the Court's ruling the Court need not address those issues. If the Court were to address them, it would find the People exercised due diligence regarding those materials.

Footnote 2:On April 1, 2024, the Court, on motion of Defendant with the consent of the People, dismissed the AUO 3 charge for legal insufficiency.

Footnote 3:The People made no special circumstances application in his case.

Footnote 4:In this case, at the Court's request the court clerk requested and obtained a copy of Defendant's driver's abstract in about one minute.

Footnote 5:In Giglio v. United States, 405 US 150 (1972), the Supreme Court held the government must disclose evidence that may be used to impeach one of its witnesses. In this context, "Giglio" material refer to information related to police misconduct. People v. Gourdine, 83 Misc 3d 1264(A) (Crim. Ct., Kings County 2024); see also People v. Figueroa, 76 Misc 3d 888 (Crim. Ct., Bronx County 2022).

Footnote 6:Defendant was not in custody.

Footnote 7:In the People's August 15, 2024, written submission they assert that the Court set a motion schedule on March 6, 2024, thus stopping the speedy trial clock on that date. The People are in error as the Court set a motion schedule on April 1, 2024.